# Exhibit 9

# WHITESTONE CONSTRUCTION



CORP.

May 6, 2019

FJ Sciame Construction Co, Inc
14 Wall Street - 2nd Floor
New York NY 10005
Attn: Michael Pardee

Re: New York City College of Technology
    New Academic Building
    285 Jay Street
    Brooklyn NY 11201
    Contract No. NY-CUCF-01-08-CURT
    Whitestone PCO-098 Change Order – WT-3 Clerestory

**DESCRIPTION OF DISPUTE**

Dear Mr. Pardee,

Further to Sciame's May 3, 2019 email rejecting Whitestone's change order proposal PCO-098 pursuant to the proposed WT-3 Clerestory Modifications originated by the design team's issuance of corrections and new design criteria in RFI 1130 response after return of 084413-020-02 MCN (Make Corrections Noted) submittal and after fabrication and installation of the work in accordance with that approved submittal and contract documents, and, further to Whitestone's subsequent emailed May 3, 2019 **Notice of Dispute** letter, this May 6, 2019 letter constitutes Whitestone's **Description of Dispute**.

Whitestone's and Yuanda's respective installed WT-3 clerestory work is compliant with 084413-020-02 MCN, which is in turn compliant with contract documents. Whitestone and Yuanda considers their respective contract work with respect to WT-3 clerestory 100% completed.

Whitestone & Yuanda mutually agree that the design team changed the contract deflection criteria noted on S-003.00 when they issued RFI-1130 response in 2017 after the 084413-020-02 MCN work was fabricated and installed, and, had they intended for the work to comply with those RFI 1130 ASK-266 corrections and the new deflection criteria noted in RFI-1130 response, they erred when they returned 084413-020-02 MCN having neglected to include in that returned submittal any noted corrections and any new deflection criteria, which should have been included in that MCN submittal or in lieu of that MCN submittal, an R & R (Revise and Resubmit) submittal.

**The corrections noted in RFI 1130 response ASK-266 along with the new WSP design criteria should have been noted on returned submittal 084413-020-02 MCN, or, in an R & R submittal in lieu of an MCN submittal. In order to comply with 013000 AA, all corrections must be clearly noted in an obvious without ambiguity manner on the respective returned R & R or MCN submittals prior to fabrication, not after fabrication and installation of the work, at which time they constitute a change to the work.**

50-52 49th STREET, WOODSIDE, NY 11377-7423
TEL: (718) 392-1800  FAX: (718) 392-6262  www.whitestonecc.com

CONFIDENTIAL
YUANDA0035136

# WHITESTONE CONSTRUCTION



CORP.

With respect to NCR report item #4 referenced in Sciame's May 3, 2019 rejection email, which notes "that the starter sill is installed significantly higher (+/- 1 3/8" from the top of the curb), as a reminder, the top of curb was installed too low; Sciame had it grouted up to design location, so, after the grouting, the top of curb was no longer too low and the starter sill is not significantly higher than the top of grouted curb. Besides, NCR item #4 is not relevant to Whitestone's PCO-098.

With respect to the Mindy No email dated July 7, 2016 referenced in Sciame's May 3, 2019 rejection email, which was issued well after 084413-020-02 MCN was returned and well after Yuanda's dispatch of those fabricated materials, Whitestone was not copied on that email. Regardless, the message pertains to Whitestone's PCO #43 and Sciame's CO 311 which was approved and paid. It is not relevant to Whitestone's PCO-098.

Returned submittal 084413-020-02 MCN authorized Whitestone and Yuanda to proceed to fabrication and installation in accordance with 013000 AA, which defines the contractual meaning of MCN, and the design team noted corrections and issued new deflection criteria after that 084413-020-02 MCN work was installed. The purpose of 013000 is to define the contractual responsibilities and boundaries between the contractor and the architect, which, in this case, will serve to settle this dispute in Whitestone's favor.

084413-020-02 MCN is detailed in accordance with the design criteria noted on S-003.00 and, until the 2017 RFI-1130 response, after the MCN work was fabricated and installed, no other deflection criteria had been issued. If the design team was so concerned, they should have issued the RFI 1130 corrections and new deflection criteria that they did issue in 2017, back in 2015 with the returned 084413-020-02 MCN submittal or in an R & R submittal. Obviously, they made a mistake by neglecting to issue the corrections and new design criteria during the submittal review, commenting, and approval period.

Below are excerpts of Yuanda's commentary to this matter:

> In the returned 1st submission, the comment was "Movement must be accommodated in this connection. See deflections of roof beam." According to this comment, refer to the instructions of "DEFLECTION of the DRIFT AND the CRITERIA" in the structural drawings S-003.00, about "MEMBERS SUPPORTING FAÇADE," the deformation of total load is 0.5". According to the structural drawing, academic building and auditorium building are built on the same foundation. It seems that they are not two buildings. If it is two buildings, then in general, the settlement of the academic building will be larger, that is to say, should be beneficial. If it is two buildings, then the original design may not be correct. Instead of connecting the upper and lower ends of the curtain wall to the two buildings, the seismic system should be adopted.
>
> What needs to be emphasized here is, Yuanda's 2nd submission of shop drawings were approved on Feb 23, 2015; the last batch of WT-3 system materials were dispatched to Whitestone on April 20, 2016; Whitestone completed the installation of WT-3 system in December of 2016; However, the architect didn't issue the new design criteria of 3.4" deflection of roof beam until in RFI 1130

50-52 49th STREET, WOODSIDE, NY 11377-7423
TEL: (718) 392-1800  FAX: (718) 392-6262  www.whitestonecc.com

CONFIDENTIAL     YUANDA0035137

# WHITESTONE  CONSTRUCTION

CORP.

response returned on Jan 30, 2017. That deflection is almost 7 times of 0.5" which was indicated in the structural drawings, and accommodated in 084413-020-02 MCN.

Based on what was mentioned in RFI-1130, the middle part of steel beam of the auditorium roof has had deformation of 3.4" maximum, and the deflection on both ends were still 0". That is obviously a deformation caused by the too large span of the steel structure itself. The deformation should be taken into account in the design of steel structure and should be accommodated through the application of prestressed structure or other methods, instead of rely on curtain wall to accommodate the deflection occurred in the steel structure.

Besides, even if such a large deformation really needs to be accommodated, why didn't the construction manager and the design team issue that information at the beginning, why didn't they make corrections to the 2nd submission of shop drawings but to issue after all of relevant curtain wall have been installed on the building already? That is totally the fault of the construction manager and the design team. The responsibility of that fault shall not be borne by YUANDA, and shall not be borne by WCC, either, but shall be borne accordingly by the issuing parties of that mistake.

To summarize Whitestone's description of dispute, the contract documents drawing S-003.00 specifies a roof deflection criteria for the project, which is accommodated and clearly noted in submittal 084413-020-02 MCN. Subsequent to the fabrication and installation of this approved WT-3 clerestory work, RFI 1130 response issued corrections and new deflection criteria that were not noted on that returned 084413-020-02 MCN submittal, both of which thereby constituted a change. Whitestone and Yuanda developed and estimated the cost of a remediation detail and provided a cost proposal to incorporate the change and perform the additional work.

Whitestone and Yuanda therefore dispute Sciame's rejection of PCO-098. Sciame and CUNY are obligated under the terms of the contract to review and process Whitestone's PCO-098 Change Order, and either approve it, or reject it, but, considering these relevant facts, there is no option under the terms of the contract to reject it and also direct Whitestone to perform the work without compensation, thus, giving rise to this dispute.

Very truly yours,

Philip J. Carvelas
Project Executive

cc: M. Porcelli, R. Murphy, A. Giusti, J Asante, J Buhler, Sciame; S. Grzic, J. Dearth, WCC