# Exhibit 25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

WHITESTONE CONSTRUCTION CORP.,

                        Plaintiff,

  -against-

F. J. SCIAME CONSTRUCTION CO., INC.,

                       Defendant.

-------------------------------------------------------------------X

Date Purchased:

Index No.

**SUMMONS**

Plaintiff's Address:
50-52 49th Street
Woodside, New York 11377

Basis of designated venue:
County designated by written agreement.

**TO THE ABOVE-NAMED DEFENDANT:**

     **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your answer; or, if the Complaint is not served with this summons, to serve a notice of appearance, upon the plaintiff's attorneys, within twenty (20) days after service of this Summons and Complaint, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any manner other than personal service within New York State. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
       July 18, 2019

                                  **GOETZ FITZPATRICK LLP**

                                  By: _____
                                     Donald J. Carbone
                                     Christopher M. Rodriguez
                                  *Attorneys for Plaintiff*
                                  *Whitestone Construction Corp.*
                                  One Penn Plaza, 31st Floor
                                  New York, New York 10119
                                  (212) 695-8100

Defendant's Address:

F. J. Sciame Construction Co., Inc.
14 Wall Street, 2nd Floor
New York, New York 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

WHITESTONE CONSTRUCTION CORP.,

                            Plaintiff,

    -against-

F. J. SCIAME CONSTRUCTION CO., INC.,

                          Defendant.

-------------------------------------------------------------------X

Date Purchased:

Index No.

**VERIFIED**
**COMPLAINT**

Plaintiff, Whitestone Construction Corp. ("Plaintiff" or "Whitestone"), by and through its attorneys, Goetz Fitzpatrick LLP, as and for its Complaint against Defendant, F. J. Sciame Construction Co., Inc. ("Defendant" or "Sciame"), respectfully alleges as follows:

### THE PARTIES

1. At all times hereinafter mentioned, Whitestone was and is a domestic corporation formed and existing under and by virtue of the laws of the State of New York, with a principle place of business located at 50-52 49th Street, Woodside, New York 11377.

2. Upon information and belief, that at all the times hereinafter mentioned, Sciame is a domestic corporation formed and existing under and by virtue of the laws of the State of New York, with a principle place of business located at 14 Wall Street, 2nd Floor, New York, New York 10005.

### FACTS COMMON TO ALL CAUSES OF ACTION

3. On or about October 7, 2013, Whitestone and Sciame entered into a contract and riders thereto (collectively, the "Contract") whereby Whitestone agreed to provide Sciame with labor, material, and services required to install exterior wall systems for a project known as "New York City College of Technology – New Academic Building" located at 285 Jay Street, Brooklyn,

- 1 -

New York 11201, owned by the City University Construction Fund (the "Project").

4. Pursuant to the Contract, Sciame was obligated to pay Whitestone the base sum of Thirty-Two Million Five Hundred Thousand ($32,500,000.00) Dollars (the "Contract Sum") as compensation for Whitestone's services required by the Contract.

5. In or about April, 2014, in accordance with the terms of the Contract, Whitestone commenced work on the Project.

6. In accordance with Contract, Rider "B" §§ 14.1.2 and 15.9.1, Sciame is required to compensate Whitestone for its Services on a monthly basis in proportion to the work performed by Whitestone in the preceding month. Pursuant thereto, each month, Whitestone would prepare and tender applications of payment to Sciame delineating the amount due for work performed in the preceding month.

7. As of today's date, Whitestone submitted 55 applications for payment to Sciame and Sciame has failed to tender payment in full to Whitestone, accruing a substantial outstanding balance. Thus far, Whitestone has earned and billed Sciame for $32,048,199.01 out of the $32,500,000 Contract Sum but, to date, Whitestone has only been paid $30,333,129.41. As such, Whitestone is immediately due payment from Sciame in the amount of $1,710,828.78 for work performed and services rendered under the Contract.

8. Throughout performing its work under the Contract, Whitestone continually provided Sciame with contractually-mandated applications for payment for Work performed. Sciame accepted Whitestone's applications for payment without protest and, yet, has failed to tender payment to Whitestone, as required by the Contract.

9. As Whitestone's work progressed on the Project, Whitestone proposed a number of change orders to address (i) extra work which needed to be performed to complete its Contract

Work, (ii) extra work requested by Sciame and the City University Construction Fund, (iii) additional costs incurred as a result of delay caused by Sciame and other subcontractors working for Sciame at the Project, and (iv) changes which were needed to correct architectural and engineering errors and/or omissions in the plans and specifications for the Project (collectively, the "Change Orders") (hereinafter, the base Contract work and Change Orders are collectively referred to as the "Work").

10. Despite the pending status of the Change Orders and substantial costs to be incurred by Whitestone in performing such Change Orders, the Contract mandated that Whitestone proceed with the Change Orders. So, Whitestone proceeded as directed with the Change Orders, but Sciame has improperly failed to approve the majority of the Change Orders, declined and/or refused to tender payment for Work performed by Whitestone thereunder, improperly rejected a number of Whitestone Change Orders, and has thereby caused Whitestone to suffer damages in the aggregate amount of no less than $1,532,809.00, broken down as follows:

- $1,298,152.00 remains due and payable to Whitestone for Work performed pursuant to Change Orders which Sciame has brazenly ignored; and

- $234,657.00 remains due and payable to Whitestone for Work performed pursuant to Change Orders which were improperly rejected by Sciame.

11. Whitestone performed all Work in accordance with the terms of the Contract and has complied with all obligations contained therein.

12. Whitestone continually reached out to Sciame's representatives requesting that the parties discuss open issues with respect to amounts due and owing to Whitestone under the adjusted Contract for the Work, but Sciame has refused and/or failed to adequately respond to Whitestone's correspondence, rendering the prospect of negotiation and mediation futile.

13. Sciame, as general contractor for the City University Construction Fund, has accepted and benefitted from Whitestone's Work performed and its services rendered.

14. In or about April, 2018, Sciame notified Whitestone that substantial completion was set for August 15, 2018 consistent with the terms of Contract § 11.3 and Contract, Rider "B" § 10.4. Upon reaching substantial completion, Contract, Rider "B" § 15.8.3 mandates that "retainage shall be reduced to 1% of the value of construction Work" performed, requiring that the excess retainage be immediately released to Whitestone. Throughout Whitestone's performance of the Work, Sciame retained funds in the approximate amount of $1,594,446.00 and, once Whitestone reached substantial completion, approximately $1,188,727.00 of excess retainage became immediately due and payable to Whitestone.

15. On April 17, 2018 and December 11, 2018, Whitestone issued two letters to Sciame requesting that it immediately release the excess retainage.

16. As of the date hereof, Sciame has improperly withheld payment of the excess retainage to Whitestone, despite Whitestone having now completed approximately 98.3% of the Work mandated by the Contract and Change Orders.

17. Whitestone commenced its Work in accordance with the terms of the Contract and diligently performed all Work in a timely and professional manner, except for when Sciame or other professionals and subcontractors on the Project delayed, impeded, and prevented Whitestone from timely performing and completing its Work.

18. The claims in this action arise from amounts due for the unpaid balance of the adjusted Contract Sum due, owed retainage, extended performance and additional Work Whitestone performed in connection with the Project, and from Sciame's failure to pay to Whitestone monies due and owing for Work Whitestone performed pursuant to the Contract and

all Change Orders.

19. Whitestone continues to perform the Work on the Project pursuant to the Contract and the Change Orders and anticipates that the amount owed by Sciame will increase as this action progresses.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

20. Whitestone repeats and realleges each and every allegation set forth in Paragraphs "1" through "19", inclusive, as if fully set forth herein.

21. The Contract between Whitestone and Sciame is a valid and enforceable contract.

22. At all times, Whitestone fully performed all obligations required to be performed by it under the Contract including the performance of the Change Orders.

23. Sciame materially breached the Contract by failing to compensate Whitestone for Work performed and services rendered under the Contract and Change Orders.

24. The unpaid monies earned by Whitestone pursuant to the Contract and Change Orders total $4,432,364.78, and said sum remains due and owing from Sciame to Whitestone.

25. Sciame has failed to perform all of the terms and conditions of the Contract, and, as such, have breached the Contract by, inter alia, failing and refusing to pay Whitestone the sum owed for services, materials and equipment rendered.

26. By reason of the foregoing, Whitestone has been damaged and demands judgment in the amount of no less than $4,432,364.78.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated)

27. Whitestone repeats and realleges each and every allegation set forth in Paragraphs "1" through "26", inclusive, as if fully set forth herein.

28. Whitestone rendered applications for payment to Sciame for the full and true account of labor, materials and equipment furnished on the Project, pursuant to the Contract and Change Orders, in the sum of $4,432,364.78.

29. Whitestone's applications for payment including those for the balance due and owing of $4,432,364.78 were delivered to, and accepted and retained by Sciame without objection.

30. An account was stated between Whitestone and Sciame of a balance due and owing of no less than $4,432,364.78.

31. By reason of the foregoing, Whitestone has been damaged and demands judgment in the amount of no less than $4,432,364.78.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Quantum Meruit)

32. Whitestone repeats and realleges each and every allegation set forth in Paragraphs "1" through "31", inclusive, as if fully set forth herein.

33. Whitestone furnished labor, materials and equipment to the Project for the benefit of Sciame.

34. The fair and reasonable value of the unpaid labor, materials and equipment is no less than $4,432,364.78.

35. Sciame has not paid any part of the aforementioned reasonable value of the labor, materials and equipment Whitestone furnished on the Project, despite Whitestone duly demanding said payment.

36. By reason of the foregoing, Whitestone has been damaged and demands judgment in the sum of no less than $4,432,364.78.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

37. Whitestone repeats and realleges each and every allegation set forth in Paragraphs "1" through "36", inclusive, as if fully set forth herein.

38. From on or about April, 2014 through the present, Whitestone furnished labor, materials and equipment for the Project on behalf of Sciame pursuant to the Contract and Change Orders.

39. Whitestone fully performed all of the Work pursuant to the Contract and Change Orders.

40. Whitestone is currently owed the sum of $4,432,364.78 for Work performed and services rendered on the Project, no part of which has been paid by Sciame, despite Whitestone duly demanding said payment.

41. Sciame has been unjustly enriched by retaining the benefit of the labor, materials and equipment furnished by Whitestone for the Project pursuant to the Contract and Change Orders, and by failing to pay their duly owed and outstanding full reasonable value.

42. It would be inequitable and unconscionable to permit Sciame to enjoy the benefits of Whitestone's expended labor, materials and equipment without making payment for the duly owed outstanding full reasonable value of no less than $4,432,364.78, no part of which has been paid by Sciame to Whitestone, despite Whitestone duly demanding said payment.

43. By reason of the foregoing, Whitestone has been damaged and demands judgment in the amount of no less than $4,432,364.78.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

44. Whitestone repeats and realleges each and every allegation set forth in Paragraphs

- 7 -

"1" through "43", inclusive, as if fully set forth herein.

45. The Contract between Whitestone and Sciame is a valid and enforceable contract.

46. To date, Whitestone has fully performed its obligations under the Contract.

47. Under the Contract, Sciame has an obligation to adhere to an implied covenant of good faith and fair dealing.

48. The implied covenant of good faith and fair dealing requires Sciame not to take any action or refrain from taking action which shall have the effect of destroying or injuring the right of Whitestone to receive the fruits of the Contract.

49. Sciame's failure and/or refusal to approve the Change Orders, failure to adhere to its payment obligations to compensate Whitestone for its Work, and failure to engage in reasonable discussions and negotiations with Whitestone to attempt to resolve the disputes highlighted herein constitute breaches by Sciame of the implied covenant of good faith and fair dealing.

50. Sciame's aforementioned breaches of the implied covenant of good faith and fair dealing have robbed Whitestone of the fruits of the Contract.

51. By reason of the foregoing, Whitestone has been damaged and demands judgment in the sum of no less than $4,432,364.78.

### AS AND FOR A SIXTH CAUSE OF ACTION
**(Declaratory Judgment)**

52. Whitestone repeats and realleges each and every allegation set forth in Paragraphs "1" through "51", inclusive, as if fully set forth herein.

53. Pursuant to Contract, Rider "B" §§ 6.1 and 6.2, upon Sciame's and/or the City University Construction Fund's request that Whitestone perform additional or extra Change Order work under the Contract, Whitestone was required to prepare and submit proposed change orders to Sciame and the City University Construction Fund substantiating the monetary adjustment to

be derived from Whitestone's performance of the extra or additional Change Order work.

54. Despite the pending status of a proposed change order, Contract § 5.1.4 requires Whitestone to proceed with performing any extra or additional Change Order work requested by Sciame and the City University Construction Fund.

55. To date, Whitestone has submitted Change Orders in the amount of $1,532,809.00 which have been ignored and/or incorrectly rejected by Sciame and the City University Construction Fund, despite Whitestone's adherence to the explicit terms of the Contract, continued insistence of their validity, and performance of the Work mandated thereunder.

56. Despite Sciame's failure and/or refusal to approve the Change Orders, Whitestone has fully performed all Work set forth in the Change Orders.

57. Whitestone has complied with all relevant terms of the Contract with respect to preparing, noticing, and seeking enforcement of the Change Orders.

58. In spite of Whitestone's efforts to adhere to the Contract and provide Sciame with all of the requested Work, Sciame has failed to approve and/or improperly rejected the Change Orders without providing a sufficient basis for same under the Contract.

59. By reason of the foregoing, an actual and justiciable controversy exists between Whitestone and Sciame regarding the validity and enforceability of the Change Orders. Whitestone therefore seeks a declaratory judgment from this Court stating that the Change Orders are valid and binding pursuant to the Contract, requiring that Sciame compensate Whitestone in accordance with the terms thereof, in an amount no less than $1,532,809.00.

**WHEREFORE**, Plaintiff Whitestone Construction Corp. respectfully demands judgment as follows:

1. On the First, Second, Third, Fourth, and Fifth Causes of Action against Defendant, F.J. Sciame Construction Co., Inc., in the amount of no less than $4,432,364.78, together with interest thereon, costs, and reasonable attorneys' fees;

2. On the Sixth Cause of Action, declaring that the Change Orders are valid and binding, pursuant to the Contract, and that Whitestone must be compensated for all amounts owed thereunder, of no less than 1,532,809.00; and

3. For such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
July 18, 2019

**GOETZ FITZPATRICK** LLP

By: _____
Donald J. Carbone
Christopher M. Rodriguez
*Attorneys for Plaintiff*
*Whitestone Construction Corp.*
One Penn Plaza, 31st Floor
New York, New York 10119
(212) 695-8100

TO:  F. J. Sciame Construction Co., Inc.
14 Wall Street, 2nd Floor
New York, New York 10005

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

Christopher M. Rodriguez, being duly sworn, deposes and says;

I am an attorney with the law firm Goetz Fitzpatrick LLP, attorneys for Whitestone Construction Corp., the Plaintiff in this action. I have read the allegations contained in this Verified Third Party Complaint; the same are true, based upon my conversations with representatives of my client. As to matters, if any, alleged upon information and belief, I believe them to be true.

This Verification is made by me, rather than Whitestone Construction Corp., because Whitestone Construction Corp. resides in a county outside of the county in which my office is located.

_____
CHRISTOPHER M. RODRIGUEZ

Sworn to before me this
15th day of July, 2019

_____
NOTARY PUBLIC

DIANNA LIRIANO
Notary Public, State of New York
No. 01LI6379905
Qualified in New York County
Commission Expires 08/27/2022