# EXHIBIT "A"

Case 1:20-cv-01006-GHW   Document 128-1   Filed 07/23/21   Page 2 of 11
Case 1:20-cv-01006-GHW   Document 74-1   Filed 11/11/20   Page 2 of 11
Case 1:20-cv-01006   Document 1   Filed 02/05/20   Page 1 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITESTONE CONSTRUCTION CORP., <br><br> Plaintiff, <br><br> - against - <br><br> YUANDA USA CORPORATION, <br><br> Defendant. | Civil Action No.:  1:20-cv-1006 <br><br> **COMPLAINT** <br><br> **(JURY TRIAL DEMANDED)** |

Plaintiff, Whitestone Construction Corp. ("Plaintiff" or "Whitestone"), by and through its attorneys, Goetz Fitzpatrick LLP, as and for its Complaint against Defendant, Yuanda USA Corporation ("Defendant" or "Yuanda"), respectfully alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned, Whitestone was and is a domestic corporation formed and existing under and by virtue of the laws of the State of New York, with a principle place of business located at 50-52 49th Street, Woodside, New York 11377.

2. Upon information and belief, that at all the times hereinafter mentioned, Yuanda is a foreign corporation formed and existing under and by virtue of the laws of the State of Illinois which is authorized to do business in New York and maintains a place of business located at 36 W. Randolph Street, Suite 600, Chicago, IL  60601.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000.00.

Case 1:20-cv-01006-GHW   Document 128-1   Filed 07/23/21   Page 3 of 11
Case 1:20-cv-01006-GHW   Document 74-1   Filed 11/11/20   Page 3 of 11
Case 1:20-cv-01006   Document 1   Filed 02/05/20   Page 2 of 10

4. This Court has *in personam* jurisdiction over Defendant by reason of its consent to jurisdiction before this Court in a contract executed by and between the Parties herein, which provides, in pertinent part:

> Subcontractor [Whitestone] shall not be required to participate in any action or proceeding in any court except the courts of the State of New York located in the County of New York, or the United States District of New York for the Southern District of New York. Vendor [Yuanda] consents to the jurisdiction of said courts in any action or proceeding arising out of or relating to this Purchase Order.

Contract, Ex. "A" at p. 9, ¶ 21.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3) as a result of the Parties' written agreement to, *inter alia*, resolve any and all disputes between the Parties before this Court. *Id.*

## NATURE OF THE ACTION

6. Plaintiff, a subcontractor performing construction services on a project owned by the City University Construction Fund ("CUCF"), brings this action seeking to recover monetary damages against Defendant, one of Plaintiff's vendors on the project, as a result of Defendant's allegedly defective construction work, which was rejected for failing to conform to the project specifications.

7. Defendant's construction work tendered to Plaintiff on the project has been rejected and declared defective by the CUCF, as owner, and its general contractor, F.J. Sciame Construction Co., Inc.

8. Pursuant to Plaintiff's contract with Defendant, in the event any of Defendant's work is deemed defective or deemed not to conform to project specifications, whether before or after its installation, Defendant is contractually obligated to repair or replace said defective work at its sole cost and expense.

Case 1:20-cv-01006-GHW   Document 128-1   Filed 07/23/21   Page 4 of 11
Case 1:20-cv-01006-GHW   Document 74-1   Filed 11/11/20   Page 4 of 11
Case 1:20-cv-01006   Document 1   Filed 02/05/20   Page 3 of 10

9. Despite Plaintiff's demands for remediation, Defendant has failed and/or refused to correct its defective work, causing Plaintiff to incur significant damages.

10. By reason of the foregoing—and as more fully detailed in the allegations set forth below—Plaintiff states claims for breach of contract, unjust enrichment, and breach of the implied covenant of good faith and fair dealing against Defendant for its wrongful acts.

### FACTS COMMON TO ALL CAUSES OF ACTION

11. On or about October 7, 2013, Whitestone entered into a contract with F.J. Sciame Construction Co., Inc. ("Sciame") whereby Whitestone agreed to provide Sciame with labor, material, and services required to install exterior wall systems for a project known as "New York City College of Technology – New Academic Building" located at 285 Jay Street, Brooklyn, New York 11201 (the "Prime Contract"), owned by the City University Construction Fund (the "Project").

12. On or about October 24, 2013, in furtherance of Whitestone's Prime Contract with Sciame and in order to complete contractually required work on the Project, Whitestone entered into a subcontract with Yuanda ("Contract," a copy of which is annexed hereto as Exhibit "A") whereby Yuanda agreed to provide Whitestone with "all curtain wall system design, engineering, structural calculations, shop drawings, product data & sample submittals . . . material, fabrication, transportation, . . . installation and testing, as required to furnish and deliver all curtain wall system materials" (the "Work"). *See*, Contract, Ex. "A" at p. 1.

13. Pursuant to the Contract, in exchange for completion of the Work, Yuanda was to be compensated the lump sum amount of Five Million Nine Hundred Eleven Thousand Five Hundred Nine and 27/100 ($5,911,509.27) Dollars. *Id.*

14. In late 2014 and early 2015, Whitestone and Yuanda were working to prepare all

Case 1:20-cv-01006-GHW   Document 128-1   Filed 07/23/21   Page 5 of 11
Case 1:20-cv-01006-GHW   Document 74-1   Filed 11/11/20   Page 5 of 11
Case 1:20-cv-01006   Document 1   Filed 02/05/20   Page 4 of 10

drawings and materials needed to complete the construction and installation of the Project's curtain wall system including, but not limited to, its WT-3 Clerestory system.

15. On or about February 23, 2015, Yuanda's second submission of shop drawings were approved by Sciame for installation of the Project's curtain wall system.

16. Thereafter, Yuanda fabricated and delivered the WT-3 Clerestory system which Whitestone installed in or about December, 2016 in accordance with the Yuanda approved shop drawings.

17. In or about January, 2017, Sciame and the Project's architect, Perkins Eastman ("Perkins"), issued Request For Information # 1130 ("RFI 1130") upon discovering alleged severe discrepancies in the Project structure's projected movement, which they asserted dramatically altered the WT-3 Clerestory system's plan-specified deflection criteria, which was after the structure had already been constructed.

18. Thereafter, Sciame rejected Whitestone and Yuanda's WT-3 Clerestory system Work as non-conforming and demanded that same be remediated to comply with the deflection criteria mandated by RFI 1130.

19. On or about November 27, 2018, Whitestone submitted its proposed change order #098 ("PCO #098") to Sciame seeking to secure its entitlement to additional compensation as a result of what it asserted was the additional work required by RFI 1130.

20. On or about May 3, 2019, Sciame rejected PCO #098.

21. Immediately thereafter, in or about May, 2019, Whitestone submitted to Sciame, as required by the terms of their agreement, a Notice of Dispute and Description of Dispute formally contesting Sciame's rejection of PCO #098.

22. In response and during the pendency of their dispute, which still has not been

Case 1:20-cv-01006-GHW   Document 128-1   Filed 07/23/21   Page 6 of 11
Case 1:20-cv-01006-GHW   Document 74-1   Filed 11/11/20   Page 6 of 11
Case 1:20-cv-01006   Document 1   Filed 02/05/20   Page 5 of 10

resolved, Sciame directed Whitestone to perform the WT-3 Clerestory system remediation Work identified in RFI 1130 and PCO #098 without any further compensation, pursuant to the terms of their Prime Contract.

23. Whitestone preserved its entitlement to damages regarding Sciame's rejection of PCO #098, pursuant to the Whitestone/Sciame Prime Contract, and is compelled to perform the WT-3 Clerestory system remediation Work under protest.

24. In June, 2019, Whitestone contacted Yuanda and declared Yuanda's WT-3 Clerestory system Work non-conforming due to Sciame's declaration that Yuanda's WT-3 Clerestory system was non-conforming and demanded that Yuanda remediate the non-conforming WT-3 Clerestory system Work, pursuant to its Contract.

25. Yuanda has refused to comply with Whitestone's written requests and has taken no action to replace and/or remediate its non-conforming WT-3 Clerestory system Work.

26. Section 10 of the Contract, under the "Inspection & Defective Work" heading, provides, in pertinent part, that:

> Vendor [Yuanda] shall promptly prepare the plan for the approval of the Subcontractor [Whitestone], in order to replace or correct any Vendor's Work which Subcontractor shall reject as failing to conform to the requirements of this Purchase Order and/or Contract Documents whether rejected before or after installation, with exclusion of those specified in item (b) listed below. Upon approval of Vendor's plan by Subcontractor, Vendor shall promptly replace or correct any Vendor's Work.[1]

Contract § 10, Ex. "A" at p. 6.

---

[1] Pursuant to the Contract, the term "Vendor" shall refer to Yuanda and the term "Subcontractor" shall refer to Whitestone.

{00015542 - 4} - 5 -

Case 1:20-cv-01006-GHW   Document 128-1   Filed 07/23/21   Page 7 of 11
Case 1:20-cv-01006-GHW   Document 74-1   Filed 11/11/20   Page 7 of 11
Case 1:20-cv-01006   Document 1   Filed 02/05/20   Page 6 of 10

27. In the event Yuanda fails to correct or replace its non-conforming Work, the Contract provides that:

> Subcontractor shall have the right to do so and Vendor shall be liable to Subcontractor for the cost thereof. . . . Subcontractor, at Subcontractor's option, may deduct from the payments due, or to become due, to Vendor, such amount as in Subcontractor's reasonable judgment will represent (i) the difference between the fair value of the rejected Vendor's Work and the value thereof if Vendor's Work had complied with this Purchase Order, or (ii) the cost of correction, whichever the Subcontractor determines is more appropriate.

*Id.* As such, Whitestone is entitled to damages from Yuanda due to its failure to remediate and/or replace its non-conforming Work.

28. Whitestone has performed in accordance with the terms of the Contract and has complied with all obligations contained therein.

29. Whitestone continually reached out to Yuanda's representatives requesting that the parties discuss working together to remediate the allegedly non-conforming Work, but Yuanda has refused and/or failed to positively respond to Whitestone's correspondence and affirmatively represent it intends to fulfill its contractual obligations and correct what Sciame asserts is Yuanda's non-conforming work.

30. Whitestone continues to perform the directed remedial WT-3 Clerestory system Work on the Project, without Yuanda's involvement, and, as a result, Whitestone is entitled to Contract damages representing its cost of correction of no less than $500,000.

## COUNT I
## BREACH OF CONTRACT

31. Whitestone repeats and realleges each and every allegation set forth in Paragraphs

Case 1:20-cv-01006-GHW   Document 128-1   Filed 07/23/21   Page 8 of 11
Case 1:20-cv-01006-GHW   Document 74-1   Filed 11/11/20   Page 8 of 11
Case 1:20-cv-01006   Document 1   Filed 02/05/20   Page 7 of 10

"1" through "30", inclusive, as if fully set forth herein.

32. The Contract between Whitestone and Yuanda is a valid and enforceable contract.

33. At all times, Whitestone fully performed all obligations required to be performed by it under the Contract.

34. Yuanda materially breached the Contract by failing to replace and/or remediate its non-conforming WT-3 Clerestory system Work.

35. Pursuant to the Contract, as a result of Yuanda's failure to replace and/or remediate its non-conforming Work, Whitestone is entitled to recover its costs of correcting said Work.

36. Yuanda has failed to remediate the non-conforming Work as mandated by the Contract, and, as such, has breached the Contract.

37. By reason of the foregoing, Whitestone has been damaged and demands judgment in the amount of no less than $500,000 plus costs, disbursements, and reasonable attorneys' fees.

## COUNT II
## UNJUST ENRICHMENT

38. Whitestone repeats and realleges each and every allegation set forth in Paragraphs "1" through "37", inclusive, as if fully set forth herein.

39. From on or about October 24, 2013 through the present, Whitestone has complied with all of its Contract obligations, including, but not limited to, tendering payment to Yuanda pursuant to the terms thereof.

40. In or about 2016, Whitestone remitted payment to Yuanda for its WT-3 Clerestory system Work.

41. In or about May, 2019, upon Sciame's rejection of PCO #098 and direction to perform the WT-3 Clerestory system Work without further compensation, Whitestone had no choice but to declare the WT-3 Clerestory system portion of Yuanda's Work non-conforming.

Case 1:20-cv-01006-GHW   Document 128-1   Filed 07/23/21   Page 9 of 11
Case 1:20-cv-01006-GHW   Document 74-1   Filed 11/11/20   Page 9 of 11
Case 1:20-cv-01006   Document 1   Filed 02/05/20   Page 8 of 10

42. Yuanda has been unjustly enriched by retaining the full benefit of the compensation paid to it for its WT-3 Clerestory system Work, despite same being declared by Sciame to be non-conforming and defective.

43. As a result of Yuanda's failure and/or refusal to correct its non-conforming Work, Whitestone has been compelled to remediate and/or replace Yuanda's defective Work at Whitestone's sole cost and expense.

44. It would be inequitable and unconscionable to permit Yuanda to enjoy the benefit of the full amount of compensation identified for the WT-3 Clerestory system Work despite same being declared defective and non-conforming to the Project's plans and specifications by Sciame.

45. By reason of the foregoing, Whitestone has been damaged and demands judgment in the amount of no less than $500,000 plus costs, disbursements, and reasonable attorneys' fees.

## COUNT III
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

46. Whitestone repeats and realleges each and every allegation set forth in Paragraphs "1" through "45", inclusive, as if fully set forth herein.

47. The Contract between Whitestone and Yuanda is a valid and enforceable contract.

48. To date, Whitestone has fully performed its obligations under the Contract.

49. Under the Contract, Yuanda has an obligation to adhere to an implied covenant of good faith and fair dealing.

50. The implied covenant of good faith and fair dealing requires Yuanda not to take any action or refrain from taking action which shall have the effect of destroying or injuring the right of Whitestone to receive the fruits of the Contract and its Prime Contract.

51. Yuanda's failure and/or refusal to remediate its non-conforming and defective WT-3 Clerestory system Work constitutes a breach by Yuanda of the implied covenant of good faith

Case 1:20-cv-01006-GHW Document 128-1 Filed 07/23/21 Page 10 of 11
Case 1:20-cv-01006-GHW Document 74-1 Filed 11/11/20 Page 10 of 11
Case 1:20-cv-01006 Document 1 Filed 02/05/20 Page 9 of 10

and fair dealing.

52. Yuanda's aforementioned breach of the implied covenant of good faith and fair dealing has deprived Whitestone of the fruits of the Contract and the Prime Contract.

53. By reason of the foregoing, Whitestone has been damaged and demands judgment in the sum of no less than $500,000 plus costs, disbursements, and reasonable attorneys' fees.

## COUNT IV
## DECLARATORY JUDGMENT

54. Whitestone repeats and realleges each and every allegation set forth in Paragraphs "1" through "53", inclusive, as if fully set forth herein.

55. Pursuant to the Contract, upon Yuanda's Work being deemed non-conforming or defective, Yuanda is required to take action to remediate said Work at its cost.

56. Yuanda has refused to comply with the Contract and remediate the allegedly defective Work, purportedly asserting that it has no obligation to remediate said Work.

57. By reason of the foregoing, an actual and justiciable controversy exists between Whitestone and Yuanda regarding whether Yuanda is obligated to remediate the Work that has been deemed defective and non-conforming by Sciame, at Yuanda's sole cost. Whitestone therefore seeks a declaratory judgment from this Court stating that Yuanda is contractually obligated to remediate the allegedly defective Work at its own cost and, as a result of Yuanda's failure to do so, that Whitestone is entitled to damages stemming from its cost incurred to remediate Yuanda's purportedly non-conforming Work, in an amount of no less than $500,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Whitestone Construction Corp. respectfully demands judgment as follows:

1. On the First, Second, and Third Counts against Defendant, Yuanda USA

Case 1:20-cv-01006-GHW   Document 128-1   Filed 07/23/21   Page 11 of 11
Case 1:20-cv-01006-GHW   Document 74-1   Filed 11/11/20   Page 11 of 11
Case 1:20-cv-01006   Document 1   Filed 02/05/20   Page 10 of 10

Corporation, money damages in the amount of no less than $500,000, together with interest thereon, costs, disbursements, and reasonable attorneys' fees;

2. On the Fourth Count, a declaration that Yuanda is contractually required to remediate its WT-3 Clerestory Work which has purportedly been declared non-conforming and defective, and, upon Yuanda's failure to remediate said Work, that Whitestone must be compensated for its costs incurred to remediate Yuanda's purportedly non-conforming Work, in an amount of no less than $500,000; and

3. For such other and further relief as this Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised the Complaint.

Dated: New York, New York
February 5, 2020

GOETZ FITZPATRICK LLP

By: _____
Christopher M. Rodriguez (CR-0622)
Donald J. Carbone (DC-2122)
*Attorneys for Plaintiff*
*Whitestone Construction Corp.*
One Penn Plaza, 31st Floor
New York, New York 10119
(212) 695-8100
CRodriguez@goetzfitz.com
DCarbone@goetzfitz.com

TO:  Yuanda USA Corporation
36 W. Randolph Street, Suite 600
Chicago, IL 60601