# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITESTONE CONSTRUCTION CORP., <br> *Plaintiff,* <br> - against – <br> YUANDA USA CORP., <br> *Defendant.* | Case No. 20-CV-1006(GHW) <br><br> **ANSWER** |

Defendant YUANDA USA CORP. ("Yuanda" or "Defendant") by its attorneys SCHILLER LAW GROUP, P.C., as and for its Answer to the Complaint ("Complaint") of plaintiff WHITESTONE CONSTRUCTIONS CORP. ("Plaintiff") states as follows:

**AS AND FOR AN ANSWER TO ALLEGATIONS AS TO THE PARTIES**

1. Defendant lacks the requisite knowledge and information to formulate a belief as to the truth of the allegations contained within Paragraph 1 of the Complaint.

2. Defendant admits the truth of the allegations contained within Paragraph 2 of the Complaint, except that Defendant now maintains its principal place of business at C/O Feng Zhu, 875 N. Michigan Avenue, 31st Floor, Chicago, Ill. 60611.

**AS AND FOR AN ANSWER TO ALLEGATIONS AS TO JURISDICTION AND VENUE**

3. Defendant repeats and re-alleges, as if fully set forth herein at length, the responses contained within Paragraphs 1 through 2 above.

4. Defendant admits the truth of the allegations contained within Paragraphs 3, 4 and 5 of the Complaint.

**AS AND FOR AN ANSWER AS TO NATURE OF THE ACTION**

5. Defendant repeats and re-alleges, as if fully set forth herein at length, the responses contained within Paragraphs 1 through 4 above.

6. Defendant denies the truth of the allegations contained within Paragraphs 6, 7, 9

and 10 of the Complaint.

7. With regard to the allegations contained within Paragraph 8 of the Complaint, Defendant respectfully defers to the Court for interpretation of the contract entered into between the parties.

### AS AND FOR AN ANSWER TO ALLEGATIONS AS TO FACTS COMMON TO ALL CAUSES OF ACTION

8. Defendant repeats and re-alleges, as if fully set forth herein at length, the responses contained within Paragraphs 1 through 7 above.

9. Defendant admits the truth of the allegations contained within Paragraphs 11, 12, 13, 14, 15, 16, 18, 19, 20, 24, 26 and 27 of the Complaint.

10. Defendant denies the truth of the allegations contained within Paragraphs 25, 28 and 29 of the Complaint.

11. Defendant denies the knowledge or information sufficient to form a belief as to the allegations contained within Paragraphs 21, 22 and 23 of the Complaint.

12. As for the allegations contained within Paragraph 17 of the Complaint, Defendant admits that Request for Information # 1130 was issued by Sciame and by Perkins Eastman, but denies that there were any discrepancies in the Project structure's projected movement.

13. As for the allegations contained within Paragraph 30 of the Complaint, Defendant denies that Plaintiff is entitled to any contract damages and denies the knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained within this paragraph.

### AS AND FOR AN ANSWER TO PLAINTIFF'S COUNT I FOR BREACH OF CONTRACT

14. Defendant repeats and re-alleges, as if fully set forth herein at length, the

responses contained within Paragraphs 1 through 13 above.

15. Defendant admits the truth of the allegations contained within Paragraph 32 of the Complaint.

16. Defendants denies the truth of the allegations contained within Paragraphs 33, 34, 35, 36 and 37 of the Complaint.

### AS AND FOR AN ANSWER TO PLAINTIFF'S COUNT II FOR UNJUST ENRICHMENT

17. Defendant repeats and re-alleges, as if fully set forth herein at length, the responses contained within Paragraphs 1 through 16 above.

18. Defendant admits the truth of the allegations contained within Paragraph 40 of the Complaint.

19. Defendant denies the truth of the allegations contained within Paragraphs 39, 41, 42, 43, 44 and 45 of the Complaint.

### AS AND FOR AN ANSWER TO PLAINTIFF'S COUNT THREE FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

20. Defendant repeats and re-alleges, as if fully set forth herein, the responses contained within Paragraphs 1 through 19 above.

21. Defendant admits the truth of the allegations contained within Paragraphs 47 and 49 of the Complaint.

22. Defendant denies the truth of the allegations contained within Paragraphs 48, 50, 51, 52 and 53 of the Complaint.

### AS FOR AN ANSWER TO PLAINTIFF'S COUNT IV FOR DECLARATORY JUDGMENT

23. Defendant repeats and re-alleges, as if fully set forth herein at length, the

responses contained within Paragraphs 1 through 22 above.

24. Defendant denies the truth of the allegations contained within Paragraphs 56 and 57 of the Complaint.

25. With regard to the allegations contained within Paragraph 55 of the Complaint, Defendant respectfully defers to the Court for interpretation of the contract entered into between the parties.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. Defendant has fully and completely complied with its obligations under the terms and conditions of the contract entered into between the parties. Specifically to the Complaint, Defendant did properly design the WT-3 Clerestory system in accordance and conformance with all plans and specifications and delivered same to Plaintiff, who accepted same as being in satisfactory condition.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. Defendant has performed its duties in a proper and reasonable manner. Specifically, the specifications provided for the WT-3 Clerestory system did not specify any particular projection or criteria for deflection or movement. Defendant designed a degree of deflection and movement which was reasonable and proper under the circumstances of the project.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28. By Plaintiff's own admission and concession, Defendant had previously submitted a remediation to the design of the WT-3 Clerestory system which was approved and accepted by the project's architect, by the project's general contractor and by the property owner. As such, Defendant has complied with all of its contractual obligations to Plaintiff.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28. Plaintiff's actual dispute is not with Defendant. Rather, it is with the project's general contractor, the project's architect and the property owner. As alleged within Paragraphs 21 and 22 of the Complaint, Plaintiff has submitted to the project's general contractor a formal Notice of Dispute and Description of Dispute which contests the rejection of Proposed Change Order #098 and that dispute is still pending. The possibility certainly exists that the dispute will be resolved in Plaintiff's favor, at which point Defendant will certainly and indisputably bear no further obligation to Plaintiff. It is certainly not proper for Plaintiff to seek damages of Defendant unless and until the dispute is resolved to Plaintiff's detriment. As such, the commencement of this action by Plaintiff is premature.

### AS AND FOR A RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court issue an Order:

1. Dismissing the herein Complaint with prejudice;

2. Awarding Defendant all costs and fees related to their defense of this action;,

3. Granting to Defendant such other and further and different relief as is just and proper.

Dated: New York, New York
June 26, 2020

**SCHILLER LAW GROUP, P.C.**

By: /s/ John V. Golaszewski
John V. Golaszewski
675 Third Avenue, 24th Floor
New York, N.Y. 10017
(212) 768-8700
jg@asfirm.com

*Attorneys for Defendant*

TO: Goetz Fitzpatrick LLP
   One Penn Plaza, 31st Floor
   New York, N.Y. 10119
   (212) 695-8100