# EXHIBIT "C"

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   WHITESTONE CONSTRUCTION CORP.,

 4              Plaintiff,

 5        v.                           20 cv 1006 (GHW)

 6   YUANDA USA CORPORATION,

 7              Defendant.             Telephone Conference

 8   ------------------------------x
                                      New York, N.Y.
 9                                    December 21, 2020
                                      11:00 a.m.
10
     Before:
11
                     HON. GREGORY H. WOODS,
12
                                      District Judge
13

14                     APPEARANCES

15   GOETZ FITZPATRICK, LLP
          Attorneys for Plaintiff
16   BY:  GARY M. KUSHNER

17   FOX SWIBEL LEVIN & CARROLL, LLP
          Attorneys for Defendant
18   BY:  ADAM L. GILL

19

20

21

22

23

24

25
```

1                (Case called)

2                THE COURT:  This is Judge Woods.  Let me begin by

3     taking the parties' appearances.  First, who is on the line for

4     plaintiff?

5                MR. KUSHNER:  Good morning, your Honor, Gary Kushner,

6     Goetz Fitzpatrick, for Whitestone.  Happy holiday.

7                THE COURT:  Thank you.  Same to you.

8                Who is on the line for defendant?

9                MR. GILL:  Adam Gill for defendant Yuanda USA

10    Corporation.

11               THE COURT:  Good.  Thank you very much.

12               Let me begin with just a few brief comments about the

13    rules that I hope the parties will follow during this

14    conference.

15               First, remember that this is a public proceeding.  Any

16    member of the public or press is welcome to join the conference

17    at any time.  The dial-in information is available on the

18    Court's website, as you know, and I am not monitoring whether

19    members of the public are joining the conference.

20               Second, please state your name each time that you

21    speak during the conference.  You should do that, regardless of

22    whether or not you have spoken previously.  It will help our

23    court reporter keep a clear record of the conversation.

24               Third, please keep your phones on mute at all times

25    except when you are addressing the Court or your adversary.

1            Fourth, I'm inviting our court reporter to let us know

2   if he has any difficulty hearing or understanding anything that

3   we say here today.  If he does, and if he asks you to do

4   something that will make it easier for him to do his job,

5   please do it to the extent that you can.

6            Finally, I am ordering that there be no recording or

7   rebroadcast of all or any part of today's conference.

8            Counsel, with that out of the way, let me turn to the

9   substance of today's conference.

10           I scheduled this conference to take up both the motion

11  for judgment on the pleadings filed by defendant Yuanda USA

12  Corporation ("Yuanda"), as well as the motion for summary

13  judgment filed by plaintiff Whitestone Construction Corp.

14  ("Whitestone").  Let me begin with a brief procedural history.

15  Plaintiff filed its complaint on February 25, 2020.  Docket

16  Nos. 1, 4 ("Compl.").  On September 24, I entered the parties'

17  stipulation dismissing three of the complaints' original four

18  counts -- leaving only plaintiff's claim for breach of

19  contract.  Docket No. 62.  Defendant filed a motion for

20  judgment on the pleadings on September 25, 2020 (the "motion

21  for judgment on the pleadings").  Docket No. 64.  Plaintiff

22  filed its opposition to that motion on October 9, 2020 (the

23  "opposition").  Docket No. 69.  Defendant filed its reply on

24  October 16, 2020 (the "reply").  Docket No. 70.

25           Fast on the heels of the motion for judgment on the

1    pleadings filed by defendant, plaintiff filed a motion for

2    partial summary judgment.  Docket Nos. 71, 72.  In response to

3    that motion, defendant submitted an opposition pursuant to Rule

4    56(d) on November 23, 2020.  Docket No. 79 (the "Rule 56

5    opposition").  Plaintiff filed its reply to this motion last

6    week, on December 15, 2020.  Docket No. 83 (the "Rule 56

7    reply").

8            Counsel, I have reviewed the parties' submissions.  I

9    believe I have a clear view regarding the issues presented

10   there.  That said, if there is anything that either party would

11   like to add to your written submissions now, I'll permit you to

12   do so.  Again, I have reviewed all of the documents submitted

13   in support of the motions already.

14           First, let me turn to counsel for plaintiff.  Anything

15   that you'd like to add to your written submissions in

16   connection with either motion?

17           MR. KUSHNER:  No.  Thank you, your Honor.

18           THE COURT:  Counsel for defendant.

19           MR. GILL:  No.  We have nothing to add.

20           Let me ask you to place your phones on mute, if you

21   would, please.  I am going to rule on each of these motions

22   orally.

23           For the reasons that follow, defendant's motion for

24   judgment on the pleadings is denied.  The complaint adequately

25   pleads a breach of contract, and I do not accept defendant's

1   ·invitation to look outside of the four corners of the contract,

2   and documents integral to it, or incorporated into it by

3   reference in order to decide the motion.  I am also denying

4   plaintiff's motion for summary judgment.  Simply put,

5   plaintiff's notion for summary judgment brought relatively

6   early in the discovery period, is premature.

7          The parties are familiar with the underlying facts and

8   procedural history.  Therefore, I will not recite those in

9   detail.  To the extent that any of the facts alleged in the

10  complaint are pertinent to my decision, those facts are

11  embedded in my analysis.

12         The same is true with respect to the motion for

13  summary judgment.

14         I.  Motion for judgment on the pleadings.

15         Plaintiff's complaint currently pleads a single cause

16  of action for breach of contract, which is the subject of

17  defendant's motion for judgment on the pleadings.  In its

18  motion, defendant asserts that the complaint does not

19  adequately plead a breach of contract because plaintiff has not

20  adequately pleaded that a condition precedent to its claim has

21  been satisfied.  Defendant's motion also relies heavily on an

22  argument that the Court should dismiss plaintiff's claim

23  because "it is not plausible that Whitestone rejected Yuanda's

24  work."  Motion for judgment on the pleadings at 10.

25  Defendant's motion must be denied -- it asks me to do two

1   things that I cannot do in the context of a motion to dismiss:

2   Draw inferences in favor of the movant, and to make

3   determinations regarding facts under the guise of an assessment

4   of the plausibility of the allegations.

5   　　　　A.  Legal standard.

6   　　　　i.  Rule 12(c).

7   　　　　A complaint must contain "a short and plain statement

8   of the claim showing that the pleader is entitled to relief."

9   Federal Rule of Civil Procedure 8(a)(2).  "After the pleadings

10  are closed -- but early enough not to delay trial -- a party

11  may move for judgment on the pleadings."  Federal Rule of Civil

12  Procedure 12.  "The standard for granting a Rule 12(c) motion

13  for judgment on the pleadings is identical to that [for

14  granting] a Rule 12(b)(6) motion for failure to state a claim."

15  *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)

16  (quoting *Patel v. Contemporary Classics*, 259 F.3d 123, 126 (2d

17  Cir. 2001)).  In evaluating a motion to dismiss pursuant to

18  Rule 12(b)(6) or a motion for judgment on the pleadings

19  pursuant to Rule 12(c), a Court must accept all facts set forth

20  in the complaint as true and draw all reasonable inferences in

21  favor of the plaintiff.  *See Vega v. Hempstead Union Free*

22  *School District*, 801 F.3d 72, 78 (2d Cir. 2015).  To survive

23  either motion, a plaintiff's complaint "must contain sufficient

24  factual matter, accepted as true, to state a claim to relief

25  that is plausible on its face."  *WC Capital Management, LLC v.*

1  *UBS Secs., LLC*, 711 F.3d 322, 328 (2d Cir. 2013) (quoting

2  *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009)).  A claim is

3  facially plausible when a plaintiff "pleads factual content

4  that allows the Court to draw the reasonable inference that the

5  defendant is liable for the misconduct alleged." *Ashcroft v.*

6  *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v.*

7  *Twombly*, 550 U.S. 544, 556 (2007)).

8          "To survive dismissal, the plaintiff must provide the

9  grounds upon which his claim rests through factual allegations

10  sufficient to 'to raise a right to relief about the speculative

11  level.'" *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493

12  F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 544).

13  Although Rule 8 "does not require 'detailed factual

14  allegations,'... it demands more than an unadorned

15  the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556

16  U.S. at 668.  "A pleading that offers 'labels and conclusions'

17  or 'a formulaic recitation of the elements of a cause of action

18  will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

19  Determining whether a complaint states a plausible claim is a

20  "context-specific task that requires the reviewing court to

21  draw on its judicial experience and common sense." *Id.* at 679.

22  However, the Court "may not weigh the evidence in the guise of

23  a plausibility analysis."  *In re Aluminum Warehousing Antitrust*

24  *Litig.*, 95 F.Supp.3d, 419, 437 (S.D.N.Y. 2015).

25          When deciding a motion to dismiss, "a court may

 1    consider only the complaint, any written instrument attached to

 2    the complaint as an exhibit, any statements or documents

 3    incorporated in it by reference, and any document upon which

 4    the complaint heavily relies." *In re Thelen LLP*, 736 F.3d 213,

 5    219 (2d Cir. 2013).

 6                    ii.  Rule 9(c)

 7            The parties do not address F.R.C.P. 9(c), which

 8    establishes the pleading standard for pleading conditions

 9    precedent.  The rule provides -- let me ask you to please place

10    your phones on mute.  I am hearing some background noise.

11            The rule provides:  "In pleading conditions precedent,

12    it suffices to allege generally that all conditions precedent

13    have occurred or been performed.  But when denying that a

14    condition precedent has occurred or been performed, a party

15    must do so with particularity."  Federal Rule of Civil

16    Procedure 9.  The prevailing view among the district courts in

17    this circuit is that Rule 9 permits plaintiffs to do what the

18    rule says -- plead satisfaction of contractual provisions in

19    generality, without the need to comply with the strictures of

20    *Iqbal* and *Twombly*.  *See Dervan v. Gordian Group LLC*, 2017 WL

21    819494, at *4 (S.D.N.Y. Feb. 28, 2017) (collecting cases).  And

22    the two circuit courts to rule on the issue have reached that

23    conclusion.  *See Hildebrand v. Allegheny County*, 757 F.3d 99,

24    112 (3d Cir. 2014) (under Rule 9(c), "the pleading of

25    conditions precedent falls outside the stricture of *Iqbal* and

1  *Twombly*."); *Myers v. Central Florida Invs., Inc.*, 592 F.3d

2  1201, 1224 (11th Cir. 2010) (post *Iqbal/Twombly* decision

3  concluding that plaintiff's "general statement" that she had

4  "fulfilled all conditions precedent to institution of this

5  action" was "sufficient to discharge her duty under Rule 9 of

6  the Federal Rules of Civil Procedure").  If those circuit

7  courts have the right answer, this motion is very easy -- the

8  complaint alleges satisfaction of the conditions precedent in

9  generality.  *See* complaint at paragraph 33.  However, in

10 *Dervan*, Judge Nathan conducted a considered analysis of Rule

11 9(c) and concluded that the plausibility requirements of *Iqbal*

12 and *Twombly* apply to the pleading of conditions precedent under

13 Rule 9(c).  *Dervan*, 2017 WL 819494 at *5 ("The Court sees no

14 principled basis on which to afford Rule 9(c) -- an adjacent

15 subsection whose structure substantially mirrors that of Rule

16 9(b) -- a divergent reading.  Like Rule 9(b), Rule 9(c) employs

17 the word 'generally' in one sentence as a point of

18 differentiation from a 'particularity' requirement set forth in

19 that sentence's immediate neighbor.  Put differently,

20 'generally' is used in Rule 9(c) as a 'relative term,' serving

21 to exempt allegations that conditions precedent have been

22 performed not from the baseline plausibility requirement of

23 Rule 8(a), but rather only from the "elevated" standard for

24 denials of such performance established in the second half the

25 of the rule.").  Since *Dervan* was decided, two of my colleagues

1    in this district have adopted Judge Nathan's view.  *See*

2    *Comerica Leasing Corp. v. Bombardier, Inc.*, 2019 WL 11027701,

3    at *8 (S.D.N.Y. Sept. 30, 2019); *O.F.I. Imports, Inc. v.*

4    *General Electric Capital Corp.*, 2017 WL 3084981, at *5

5    (S.D.N.Y. July 20, 2017).

6              For purposes of this motion, I am employing the more

7    rigorous standard described by Judge Nathan without holding

8    that her approach, which is inconsistent with the views of two

9    circuit courts, is correct.  Because I conclude that

10   plaintiff's complaint is adequately pleaded under the more

11   stringent standard, I do not need to decide whether the lower

12   pleading standard would apply.

13             However, it is unquestionable that defendant's answer

14   failed to meet the pleading standard required by Rule 9(c).

15   See docket No. 39.  To deny that a condition precedent has

16   occurred or been performed, defendant must do so with

17   particularity.  I am taking up this motion notwithstanding

18   defendant's acknowledged failure to adequately plead this

19   defense.  To do otherwise would elevate form over substance.  I

20   will permit defendant to amend its answer to add this defense,

21   as defendant has requested in its reply.

22             B.  Breach of contract claim.

23             The contract is governed by New York law.  See docket

24   No. 4-1 at ECF page 10.  Under New York law, the "fundamental,

25   neutral precept of contract interpretation is that agreements

1   are construed in accord with the parties' intent." *Greenfield*

2   *v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002).  "The best

3   evidence of what parties to a written agreement intend is what

4   they say in their writing." *Id.* (internal quotation marks

5   omitted).  "Thus, a written agreement that is complete, clear,

6   and unambiguous on its face must be [interpreted] according to

7   the plain meaning of its terms." *Id.; see also South Road*

8   *Associates, LLC v. IBM*, 4 N.Y.3d 272, 277 (2005).  ("In cases

9   of contract interpretation, it is well settled that when

10  parties set down their agreements in a clear complete document,

11  their writing should... be enforced according to its terms."

12  (internal quotation marks omitted)).

13       "In a dispute over the meaning of a contract, the

14  threshold question is whether the ambiguous." *Lockheed Martin*

15  *Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011)

16  (quoting *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138

17  (2d Cir. 2000)).  The question of "whether or not a writing is

18  ambiguous is a question of law to be resolved by the courts."

19  *W.W.W. Associates, Inc, v. Giancontieri*, 77 N.Y.2d 157, 162

20  (1990) (citation omitted).  "It is well settled that a contract

21  is unambiguous if the language it uses has a definite and

22  precise meaning, as to which there is no reasonable basis for a

23  difference of opinion.  Conversely, ... the language of a

24  contract is ambiguous if it is capable of more than one meaning

25  when viewed objectively by reasonably intelligent person who

1   has examined the context of the entire integrated agreement."

2   *Lockheed Martin Corp.*, 639 F.3d, at 69 (citations omitted).

3        "'Ambiguity is determined by looking within the four

4   corners of the document, not to outside sources.'"  *JA Apparel*

5   *Corp. v. Abboud*, 568 F.3d 390, 396 (2d Cir. 2009) (quoting *Kass*

6   *v. Kass*, 91 N.Y.2d, 554, 566 (1998)).  "It is well settled that

7   extrinsic and parol evidence is not admissible to create an

8   ambiguity in a written agreement which is complete and clear

9   and unambiguous upon its face'" *W.W.W. Associates*, 77 N.Y.2d at

10  163 (*quoting Intercontinental Planning v. Daystrom, Inc.*, 24

11  N.Y.2d 372, 379 (1969)).  "An analysis that begins with

12  consideration of extrinsic evidence of what the parties meant,

13  instead of looking first to what they said and reaching

14  extrinsic evidence only when required to do so because of some

15  identified ambiguity, unnecessarily denigrates the contract and

16  unsettles the law." *Id.*  "Before looking to evidence of what

17  was in the parties' minds, a court must give due weight to what

18  was in their contract." *Id.* at 162.  "Parol evidence --

19  evidence outside the four corners of the document -- is

20  admissible only if a court finds an ambiguity in the contract.

21  As a general rule, extrinsic evidence is inadmissible to alter

22  or add a provision to a written agreement." *Schron v. Troutman*

23  *Sanders LLP*, 20 N.Y.3d, 430, 436 (2013).

24        Under New York law, the elements of a breach of

25  contract claim are (1) the existence of a contract, (2)

1   performance by the party seeking recovery, (3) breach by the

2   other party, and (4) damages suffered as a result of the

3   breach.   See *Johnson v. Nextel Communications, Inc.*, 660 F.3d

4   131, 142 (2d Cir. 2011).   "Under New York law, damages for

5   breach of contract should put the plaintiff in the same

6   economic position he would have occupied had the breaching

7   party performed the contract."   *Oscar Gruss & Son v. Hollander*,

8   337 F.3d 186, 196 (2d Cir. 2003).

9            I. Discussion

10           1.   Satisfaction of the condition precedent is

11  adequately pleaded.

12           Defendant does not challenge the sufficiency of the

13  complaint's allegations as they relate to most of the elements

14  of the breach of contract claim.   The motion focuses on an

15  argument that plaintiff has failed to allege the satisfaction

16  of a condition precedent to defendant's obligations under the

17  parties' contract.

18           The contract that is the subject of the

19  breach-of-contract claim is the purchase order attached as

20  Exhibit A to the complaint.   Docket No. 4-1.   The provision of

21  the contract at the heart of this dispute is Section 10.   The

22  contract defines Whitestone as "subcontractor," and Yuanda as

23  "vendor."   Section 10 of the contract provides in pertinent

24  part:

25           Inspection and defective work:   (a) without any duty

1    of subcontractor to vendor to provide continuous or exhaustive

2    inspections, the subcontractor may inspect vendor's work for

3    compliance with this purchase order or the contract documents,

4    whether at the project site or at any other place where items

5    or services for such vendor's work, or documents may be in

6    preparation, manufacture, storage, or installation.  Vendor

7    shall promptly prepare the plan for the approval of the

8    subcontractor in order to replace or correct any vendor's work,

9    which subcontractor shall reject as failing to conform to the

10   requirements of this purchase order and/or contract documents,

11   whether rejected before or after installation .... Upon

12   approval of vendor's plan by subcontractor, Vendor shall

13   promptly replace or correct any vendor's work.  If vendor does

14   not do so within a reasonable time, subcontractors shall have

15   the right to do so and vendor shall be liable to subcontractor

16   for the cost thereof.

17          In its motion, defendant argues that the complaint

18   does not adequately allege that plaintiff has rejected

19   defendant's work "as failing to confirm to the requirements" of

20   the contract.

21          Plaintiff has adequately pleaded that it rejected the

22   work as nonconforming.  Paragraph 24 of the complaint states

23   that "Whitestone contacted Yuanda and declared Yuanda's WT-3

24   Clerestory system work nonconforming and demanded that Yuanda

25   remediate the nonconforming WT-3 Clerestory work, pursuant to

SOUTHERN DISTRICT REPORTERS, P.C.•••
(212) 805-0300

1    its contract."  Drawing all inferences in favor of the

2    nonmoving party, as I must in this context, these facts

3    adequately plead satisfaction of the condition precedent.

4    Plaintiff alleges it declared the system nonconforming -- which

5    is pretty much a synonym to "failing to conform to the

6    requirements" of the contract.

7            And the complaint adequately pleads that the work was

8    rejected.  Plaintiff pleaded that it declared the work as

9    nonconforming and demanded remediation.  The complaint does not

10   use the word "reject" -- but it does not take a dramatic leap

11   of inference to read a buyer telling its vendor that the work

12   product isn't up to standard and that they must fix it, as a

13   rejection.  To the extent that defendant's motion rests on a

14   strained semantic distinction between the word "reject" and the

15   words used in paragraph 24 of the complaint, it is profoundly

16   flawed.  There is no question that this section of the

17   complaint put defendant on notice, and in the context of a

18   motion in which I am to draw inferences in favor of the

19   nonmoving party, slight semantic distinctions do not justify

20   dismissal of a cause of action when the meaning is clear.

21           Much of defendant's motion rests on an invitation to

22   do something that I cannot do in this context of a motion for

23   judgment on the pleadings -- to evaluate the credibility of

24   plaintiff's allegations and to reject them as incredible under

25   the guise of a plausibility analysis.  Defendant wants me to

1    accept that plaintiff did not reject the work as nonconforming,

2    but that it only rejected the work at the direction of a third

3    party, with whose conclusion regarding the nonconformity of the

4    products plaintiff disagrees.  Defendant's reply lays bare in

5    strategy:  "Yuanda brought to this Court's attention

6    Whitestone's pleading in its state court action against Sciame

7    for purposes of demonstrating that Whitestone cannot plausibly

8    plead satisfaction of the condition precedent.  That is,

9    Whitestone cannot truthfully plead in this action that Yuanda's

10   work failed to 'conform to the requirements of this purchase

11   order and/or contract documents' when Whitestone has pleaded

12   the contrary in a separate action under oath."  Reply at 10.

13         But it is a first principle that the Court accepts as

14   true statements by a plaintiff in a complaint.  The Second

15   Circuit has held that "in deciding Rule 12(c) motions ... the

16   same standard applicable to Rule 12(b)(6) motions to dismiss

17   [is employed, that is], "accepting all factual allegations in

18   the complaint as true and drawing all reasonable inferences in

19   [the nonmoving party's] favor'"  *Vega*, 801 F.3d at 78 (quoting

20   *L-7 Designs, Inc., v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir.

21   2011) (all alterations except the second in original)).  Even

22   in the most extreme scenario -- assuming that what plaintiff

23   has pleaded in this case is the opposite of what it has

24   asserted in another case -- that fact is irrelevant to my

25   analysis.  I accept the facts pleaded here as true.  I cannot

1   engage in an assessment of the credibility of plaintiff's

2   position or otherwise "weigh the evidence in the guise of a

3   plausibility analysis." *Aluminum Warehousing*, 95 F.Supp.3d at

4   437.   Because defendant's motion expressly asks me to do just

5   that, it fails.

6              II.   Motion for summary judgment

7              Discovery in this case is ongoing.   I entered the

8   governing case management plan and scheduling order on

9   September 3, 2020.   Docket No. 53.   Pursuant to it, fact

10  discovery is to be completed by February 1, 2021, and expert

11  discovery is to be completed by March 18, 2021.   According to

12  the case management plan, summary judgment motions are not due

13  until April 18, 2021.   Less than a month after the entry of the

14  governing case management plan and scheduling order, and four

15  months prior to the end of fact discovery, plaintiff sought to

16  leave to file this motion for summary judgment.   See docket

17  Nos. 65, 68.   The motion itself was filed approximately a month

18  later, on November 9, 2020.   Docket No. 71; *see* docket No. 72.

19  At this point, the close of fact discovery is still over a

20  month away.

21             Plaintiff's motion argues that summary judgment should

22  be granted with regard to its breach of contract claim.   *See*

23  plaintiff's memorandum of law, docket No. 73 ("memorandum of

24  law").   The argument presented by plaintiff is also based

25  largely on Section 10 -- the provision of the contract that I

1    discussed previously.  Plaintiff also points to paragraph 2 of

2    the contract, which states, among other things, the following:

3

4        "Other agreements incorporated by reference... vendor

5    shall assume toward subcontractor all obligations and

6    responsibilities which, under the contract documents as set

7    forth in Whitestone purchase order attachment B related to

8    curtain wall pertaining to the prime contract, subcontractor

9    assumed toward contractor and owner and architect/engineer and

10   shall be bound by the rulings of [Whitestone], [Sciame], and

11   owner and architect/engineer."

12        Docket No. 4-1 at ECF page 4.

13        At its core, plaintiff's argument is that it was

14   required under the terms of its prime contract to accept

15   decisions about the quality of its work by the prime

16   contractor -- Sciame, and its architect.  Sciame rejected the

17   clerestory work as nonconforming, so plaintiff notified

18   defendant of the rejection pursuant to paragraph 10 of the

19   contract.  As a result, plaintiff argues, Yuanda is obligated

20   to remediate the rejected work.

21        Defendant opposes summary judgment on the basis of

22   Federal Rule of Civil Procedure 56(d) ("Rule 56(d)").  It

23   argues that the parties have not yet completed discovery and

24   that defendant does not yet have the facts necessary to oppose

25   the motion.  I agree with that ultimate conclusion, although I

1   do not adopt all aspects of defendant's arguments in reaching

2   that conclusion.  Therefore, plaintiff's motion for summary

3   judgment is denied under Rule 56(d), and, as a result, I do not

4   reach the merits of the motion.

5          A.  Legal standard for denial of a summary judgment

6   motion under Rule 56(d).

7          If the party opposing a summary judgment motion "shows

8   by affidavit or declaration that, for specific reasons, it

9   cannot present facts essential to justify its opposition, the

10  Court may" deny the motion, allow time to take discovery, or

11  issue any other appropriate order.  Federal Rule of Civil

12  Procedure 56(d).  A party resisting summary judgment on the

13  ground that it needs additional discovery in order to defeat

14  the motion must submit an affidavit pursuant to Federal Rule of

15  Civil Procedure 56(d) (formerly Rule 56(f)), showing:  "(1)

16  what facts are sought and how they are to be determined, (2)

17  how those facts are reasonably expected to create a genuine

18  issue of material fact, (3) what effort affiant has taken to

19  obtain them and (4) why the affiant was unsuccessful in those

20  efforts."  *Meloff v. N.Y. Life Insurance Company*, 51 F.3d, 372,

21  375 (2d Cir. 1995) (quoting *Hudson River Sloop Clearwater,*

22  *Inc., v. Department of Navy*, 891 F.2d 414, 422 (2d Cir. 1989)).

23  "Only in the rarest of cases may summary judgment be granted

24  against a plaintiff who has not been afforded the opportunity

25  to conduct discovery."  *Miller v. Wolpoff & Abramson L.L.P.,*

1   321 F.3d 292, 303–04 (2d Cir. 2003).

2          "The nonmoving party must have had the opportunity to

3   discover information that is essential to his opposition to the

4   motion for summary judgment." *Trebor Sportswear Co., Inc. v.*

5   *The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989).

6   The grant of relief pursuant to Rule 56(d) is within the

7   discretion of the district court. *Continental Case Company v.*

8   *Marshall Granger & Company, LLP*, 921 F.Supp.2d 111, 126–27

9   (S.D.N.Y. 2013).

10          B.  Discussion

11          Summary judgment is premature.  This is not the

12   "rarest of cases," as contemplated by the Second Circuit in

13   *Miller*, 321 F.3d at 303–04.  In my judgment, it would be

14   inappropriate to take up this motion for summary judgment,

15   given that defendant had not been afforded an adequate

16   opportunity to conduct discovery at the time that the motion

17   was filed.  *Id.*

18          Defendant's opposition, including Mr. Gill's affidavit

19   submitted in support of it, satisfies the requirements of Rule

20   56(d) to submit a declaration or affidavit establishing "(1)

21   what facts are sought and how they are to be obtained, (2) how

22   such facts are reasonably expected to raise a genuine issue of

23   material fact, (3) what efforts the affiant has made to obtain

24   them, and (4) why the affiant's efforts were unsuccessful."

25   *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004).

1       I.  Defendant has shown what facts are sought and how

2  they are to be obtained.

3       First, the defendant has shown what facts are sought

4  and how they are to be obtained.  This element is easily met

5  because defendant points to discovery requests that had not

6  been fully responded to at the time of the motion.  Defendant

7  describes incomplete discovery responses and a desire to

8  complete depositions, in particular a 30(b)(6) deposition of

9  plaintiff's principal affiant, Mr. Grzic.  Affidavit of Adam

10 Gill, docket No. 79-1 ("Rule 56 affidavit").  The Rule 56

11 affidavit and the supporting materials describe a large volume

12 of areas of inquiry that defendant seeks to explore.  As I will

13 say in the next section, I am not opining now that all of those

14 topics are reasonably expected to raise a genuine issue of

15 material fact.  In any event, this first factor is satisfied --

16 defendant's affidavit describes the information that is sought

17 and how it seeks to obtain that information.

18      Ii.  Plaintiff has shown how such facts are reasonably

19 expected to raise a genuine issue of material fact.

20      Second, defendant has shown how some of the facts that

21 they wish to develop through the completion of discovery are

22 reasonably expected to raids a genuine issue of material fact.

23 At the outset, it is undisputed that discovery on the issue of

24 damages is warranted.  See Rule 56 reply at 12.  The motion

25 itself is limited to the issue of liability.  So, regardless of

 1    what happens with this motion, discovery proceeds.

 2              And defendant has shown that "discovery is needed into

 3    whether Sciame rejected work Yuanda provided to Whitestone, or

 4    whether the work was solely the product of Whitestone." Rule

 5    56 opposition at 8.  Yuanda argues that "while Whitestone's

 6    motion and supporting statement of fact assert that Yuanda was

 7    responsible for installation, the language of the purchase

 8    order clearly indicates the opposite -- Yuanda was a supplier

 9    of materials for this project." *Id.*  This is a legitimate issue

10    that might raise a material issue of fact -- if the work

11    rejected was not "vendor's work" as defined in the contract,

12    Whitestone would have a reasonable argument that the

13    contractual obligation did not apply to it and that it is not

14    liable.

15              I highlight that I am not relying on many of the

16    arguments raised by defendant here.  I agree with counsel for

17    plaintiff that many of the issues raised seem to seek extrinsic

18    evidence related to the relevant contracts and their

19    interpretation.  Absent an argument regarding the ambiguity of

20    the governing contract, which has not been presented to me, I

21    would not look to extrinsic evidence to construe their terms.

22    Similarly, I do not now embrace the argument that discovery

23    regarding whether "Whitestone, as opposed to a third party,

24    rejected Yuanda's work -- if Whitestone did not reject Yuanda's

25    work, its motion must fail."  Rule 56 affidavit at 8.  I do not

1   see a textual basis to conclude that the contract bars

2   Whitestone from rejecting nonconforming work based on the

3   determination of a third party.  I do not need to take a

4   position on these issues now to resolve this motion --

5   defendant has identified a substantial issue that could give

6   rise to a disputed issue of material fact.  That is sufficient

7   for it to satisfy this factor.

8           iii.  Defendant has demonstrated what efforts it made

9   to obtain the requested discovery and why its efforts were

10  unsuccessful.

11          With respect to the third and fourth factors,

12  defendant has shown what efforts it took to obtain the

13  discovery and why it is that the efforts were unsuccessful.

14  The procedural history of this case makes this point very

15  clear -- defendant has not been successful in obtaining all

16  discovery because the discovery period has not yet expired, and

17  because it appears the discovery process has bogged down in

18  disputes.

19          At the time that this motion was filed, three months

20  remained in the fact discovery period.  So, frankly, I would

21  not expect that defendant would have had sufficient time to

22  complete the work necessary to develop its defenses.  I

23  understand that two sets of production were made on Yuanda in

24  October of this year.  Yuanda asserts that the productions were

25  inadequate and that, among other things, plaintiff withheld

1 swaths of responsive documents. Rule 56 affidavit at 10-11.

2 Defendant notified plaintiff of discovery deficiencies in early

3 November, which were the subject of a meet-and-confer session

4 that was held on November 23, 2020. *Id.* As of the date of the

5 Rule 56 affidavit, those disputes had not been resolved.

6          On September 16, 2020, counsel for defendant noticed

7 the deposition of plaintiff's 30(b)(6) witness. But because of

8 discovery disputes, counsel for defendant delayed completion of

9 that deposition. *Id.* at 12. Defendant asserts that it will be

10 able to respond substantively to the Rule 56 motion after it

11 has completed that deposition.

12          Defendant has shown why its efforts to obtain the

13 discovery it needs have been unsuccessful. The parties had

14 only been working to complete discovery under the current case

15 management plan for a short time when the motion was filed.

16 Defendant was unreasonable in obtaining the discovery at the

17 time that the summary judgment motion was filed because the

18 motion was filed prematurely. To be very clear, I am not

19 concluding now that in the months since the motion was filed

20 that defendant has acted diligently in its pursuit of

21 discovery. But defendant has met its burden under the third

22 and fourth prongs of the test and therefore meets the standard

23 for a Rule 56(d) challenge.

24          Because necessary discovery is still outstanding, and

25 even more discovery was outstanding at the time defendant filed

1   its opposition, defendant could not present facts essential to

2   justify its opposition to plaintiff's summary judgment motion.

3   Therefore, plaintiff's motion for summary judgment is denied

4   under Rule 56(d).

5          As a note, although I previously ordered that I would

6   set a briefing schedule on the substance of plaintiff's motion

7   after resolving the Rule 56(d) challenge, I am exercising my

8   discretion to deny the motion entirely, rather than to hold it

9   in abeyance or to defer its consideration, because I believe

10  that the parties should brief the motion with the benefit of

11  all of the facts, not just the snapshot of facts that were

12  available at the time that plaintiff filed the motion.  After

13  discovery is completed, it may well be that the issues are

14  potentially capable of resolution on summary judgment will be

15  narrowed.  It will be most efficient for the Court and the

16  parties to evaluate a motion that is based on a complete

17  factual record.

18         I emphasize, again, the words of the Second Circuit:

19  "Only in the rarest of cases may summary judgment be granted

20  against a plaintiff who has not been afforded the opportunity

21  to conduct discovery."  *Miller v. Wolpoff & Abramson L.L.P.*,

22  321 F.3d 292, 303-04 (2d Cir. 2003).

23         III.  Conclusion

24         For the foregoing reasons, defendant's motion for

25  judgment on the pleadings is denied in its entirety.

1   Plaintiff's motion for summary judgment is also denied.  I will

2   enter a separate order denying both of the motions, referring

3   to the transcript of today's conference for the basis for my

4   decision.

5         Thank you very much, counsel, for your patience as I

6   got through that decision.  I saw that the motions were fully

7   briefed, and I thought that they would be capable of early

8   resolution.  I had planned to resolve the motion to dismiss

9   during the conference that was adjourned at the parties'

10  request.

11        Now, two issues that I think I should discuss with the

12  parties, based on this set of conversations.

13        First, counsel for defendant, I've granted your

14  request to amend the answer to plead with particularity your

15  defense related to the faulty condition precedent.  I would

16  like to set a deadline by which that amendment will be filed.

17  By when would you propose to file your amended answer?

18        MR. GILL:  Normally, I would say that could be done

19  pretty quickly, within no more than 14 days.  But with the

20  holidays and with the Court's indulgence, that puts us right

21  after the first of the year.  If we can have until the end of

22  that first week of January, which is not quite three weeks.  It

23  would be --

24        THE COURT:  You are saying January 8.  Thank you.

25        Counsel for plaintiff, any concern?

SOUTHERN DISTRICT REPORTERS, P.C.•••
(212) 805-0300

```
 1              MR. KUSHNER:  I have no objection to the time request
 2   of Mr. Gill.
 3              I do have a question of the Court regarding the scope
 4   of the amendment and ask specifically if it's limited to
 5   pleading the condition precedent.
 6              THE COURT:  Thank you.
 7              Yes, it is limited to pleading the condition
 8   precedent.  No good cause has been shown for an amendment for
 9   any other purpose.  I determined that there is sufficient
10   justification, particularly in light of my decision on the
11   motion, to permit them to add this as a defense.  But the scope
12   of the amendment is limited to adding that as a defense.  I
13   understand that they expected to add this as a defense but
14   inadvertently omitted it.  I am going to grant them leave, but
15   only to address that one item in the pleading.
16              Counsel for defendant, your amendment is due no later
17   than January 8.
18              The other issue that I think I should take up now,
19   having reviewed your submissions, are issues related to
20   discovery.
21              Counsel for plaintiff has raised I think legitimate
22   questions.  I had some questions as I reviewed the affidavit.
23   The parties, I think, remember our conversations earlier about
24   the nature of the deadlines in the case management plan and
25   scheduling order.  At this point I understand that there are no
```

 1    issues that require the Court's intervention and that the

 2    parties expect to complete discovery by the existing deadline,

 3    given the issues described in the affidavit.  My hope would be,

 4    if that's the case, the issues that are described there have

 5    been developed substantially so that you can be on track to

 6    complete that work.

 7          Let me just take a few moments to talk with the

 8    parties about that question.  My expectation is that the

 9    parties will meet the deadlines in the case management plan and

10    scheduling order.  But based on what's included in the

11    affidavit, I think it's worthwhile for us to begin a

12    conversation about where you are.  Let me hear first from you,

13    if I can, counsel for defendants.

14          MR. GILL:  Yes.  I do anticipate, based on what I said

15    in the affidavit and what I know, to complete all discovery by

16    the deadline, February 1.

17          The statements I made in the affidavit were what I

18    knew at the time, and they have not changed, except that I

19    anticipated that the affiant, Mr. Grzic, would be the corporate

20    designee, that I was informed by opposing counsel that it would

21    be a different person.  I don't think that changes my answer.

22          I do think I would need -- depending on how the

23    deposition of the corporate designee comes out, I would just

24    need the deposition of the designee and possibly Mr. Grzic.

25          And opposing counsel, obviously, he will answer for

```
 1   himself, but he has indicated to me he only wants to take or at

 2   this point indicating the deposition of Yuanda's corporate

 3   designee.  He has not indicated another deponent.

 4              I see no reason why we could not complete by the

 5   deadline set forth in the current schedule.

 6              THE COURT:  Good.  I'm happy to hear that.

 7              Counsel for plaintiff, anything else to discuss on

 8   this topic before we adjourn?

 9              MR. KUSHNER:  Nothing on discovery.  I don't think

10   that the limited amendment would cause any need to put out

11   dates.  But if there is something that's alleged in this

12   amended pleading that requires an additional document request,

13   I would ask the Court to have responses on short notice to

14   those rather than the full term under the federal rules.  I

15   think turnaround time, basically, if they haven't been

16   produced, can be done within ten days.  So, therefore, that

17   would give us the opportunity to take those depositions before

18   the discovery deadline.

19              I do have another request for clarification on another

20   issue.

21              THE COURT:  That's fine.  Please go ahead, counsel.

22              MR. KUSHNER:  With respect to the Court's denial of

23   the summary judgment motion, I think it's pretty clear.  But

24   can I inquire, it's without prejudice to a future motion for

25   summary judgment on behalf of the plaintiff against the
```

1   defendant after the record is complete with discovery.  Is that

2   correct?

3           THE COURT:  Yes, that's correct.  Thank you.

4           Thank you, all.  I appreciate your patience.  This

5   proceeding is adjourned.

6           (Adjourned)