# EXHIBIT "DD"



GOETZ
FITZPATRICK
ATTORNEYS AT LAW | NEW YORK, NY

Christopher M. Rodriguez, Esq.
212.695.8100 | ext. 335
CRodriguez@goetzfitz.com

December 23, 2019

**Via Certified Mail, RRR and Email [inter@yuanda.com.cn]**
Feng Zhu, President
Yuanda USA Corporation
36 W. Randolph Street, Suite 600
Chicago, IL 60601

Re:   Whitestone Construction Corp. ("Whitestone") Subcontract Agreement
With F.J. Sciame Construction Company, Inc. ("Sciame") in connection with
City University Construction Fund (the "Owner") Project Involving the New York
City College of Technology – New Academic Building (the "Project") pursuant to
Which Whitestone entered into a Purchase Order with Yuanda USA Corporation
("Yuanda") dated October 24, 2013 (the "PO")

Dear Sir:

As you know, we represent Whitestone in connection with the above-referenced matter. I am writing in furtherance of my letter dated July 26, 2019 and all letters preceding same, which, in summary, address Yuanda's failure and refusal to proceed as directed by Whitestone to remediate its non-conforming WT-3 Clerestory system remediation work, pursuant to the explicit terms of the October 24, 2013 PO. This letter serves as Whitestone's formal written notice of Yuanda's breach of contract.

Pursuant to the explicit terms of Section 10 of the PO, under the heading "Inspection & Defective Work," in the event Whitestone is directed to remediate any allegedly non-conforming Yuanda WT-3 Clerestory system work at its own cost, albeit under protest, while a dispute as to payment is pending, then Yuanda is required to do so as well.

Yuanda's failure to adhere to the PO's terms and conditions entitles Whitestone to collect its costs expended in correcting Yuanda's work, in addition to reasonable attorneys' fees. As explained in Whitestone's June 24, 2019 letter to Yuanda, Whitestone reserved its rights to payment for what Whitestone and Yuanda both feel is an improper direction to perform the alleged remedial work as the plans and specifications were only modified after Yuanda's drawings were approved and the system was installed by Whitestone. Nevertheless, irrespective of Whitestone and Yuanda's respective positions, both Whitestone and Yuanda are under a contractual obligation to perform the remedial work, though **under protest**.

PLAINTIFF'S
EXHIBIT
18
Blumberg No. 5113

{00011411 - 1}
WCC 011966



## GOETZ FITZPATRICK
ATTORNEYS AT LAW | NEW YORK, NY

Fengh Zhu, Yuanda USA Corporation
December 23, 2019
Page 2

It is Whitestone's intent to seek payment from Sciame for this work; however, both Whitestone and Yuanda will only be entitled to receive compensation in the form of the amounts recovered from Sciame. Despite Whitestone and Yuanda's apparent agreement as to Sciame's improper direction and mirrored contractual obligations with respect to the remedial work, Yuanda has refused to assist Whitestone and perform as directed pursuant to your contract. Whitestone has continually called on Yuanda to provide, *inter alia*, plans, specifications, shop drawings, and all other items needed to perform the directed work, with each of its requests falling on deaf ears.

As a result of Yuanda's continued material breach of the PO, we have been directed to advise Yuanda that it is hereby directed within seven (7) days of the date hereof to provide Whitestone with a written plan to address the WT-3 Clerestory system remediation work. In the event Yuanda fails to timely respond to this letter, Whitestone has directed me to file and serve the attached Summons and Complaint. Whitestone would prefer not to resort to these measures and would much rather that Whitestone and Yuanda work together to complete the purported remedial work and contest Sciame's incorrect assertions regarding the nature of the dubious remedial work.

We hope that Yuanda takes this opportunity to resolve this matter amicably, rather than exposing all parties involved to the extended, unnecessary expense of litigation.

Nothing herein can or shall be construed as a waiver of any of Whitestone's legal or equitable rights or remedies, all and each of which are expressly reserved. Moreover, the facts set forth herein shall not be construed to be a full and complete recitation of the facts at-issue.

Very truly yours,

GOETZ FITZPATRICK LLP

By: _____
Christopher M. Rodriguez, Esq.

Encl.

cc:    Whitestone Construction Corp. (*via email*)
       Steven Grzic
       Donald Carbone, Esq.

{00011411 - 1}
WCC 011967

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

WHITESTONE CONSTRUCTION CORP.,

                              Plaintiff,

        -against-

YUANDA USA CORPORATION,

                              Defendant.

-------------------------------------------------------------------X

Date Purchased:

Index No.

**SUMMONS**

Plaintiff's Address:
50-52 49th Street
Woodside, New York 11377

Basis of designated venue:
County designated by written
agreement.

**TO THE ABOVE-NAMED DEFENDANT:**

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your answer; or, if the Complaint is not served with this summons, to serve a notice of appearance, upon the plaintiff's attorneys, within twenty (20) days after service of this Summons and Complaint, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any manner other than personal service within New York State.  In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.


Dated: New York, New York
        December 23, 2019



                                        **GOETZ FITZPATRICK LLP**

                                        By: _____
                                              Donald J. Carbone
                                              Christopher M. Rodriguez
                                        *Attorneys for Plaintiff*
                                        *Whitestone Construction Corp.*
                                        One Penn Plaza, 31st Floor
                                        New York, New York 10119
                                        (212) 695-8100

Defendant's Address:

Yuanda USA Corporation
36 W. Randolph Street, Suite 600
Chicago, IL  60601

{00011401 - 4}                         - 1 -

WCC 011968

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X

Index No.

WHITESTONE CONSTRUCTION CORP.,

                                    Plaintiff,

            -against-                                          **COMPLAINT**

YUANDA USA CORPORATION,

                                    Defendant.

----------------------------------------------------------------X

Plaintiff, Whitestone Construction Corp. ("Plaintiff" or "Whitestone"), by and through its attorneys, Goetz Fitzpatrick LLP, as and for its Complaint against Defendant, Yuanda USA Corporation ("Defendant" or "Yuanda"), respectfully alleges as follows:

**THE PARTIES**

1.       At all times hereinafter mentioned, Whitestone was and is a domestic corporation formed and existing under and by virtue of the laws of the State of New York, with a principle place of business located at 50-52 49th Street, Woodside, New York 11377.

2.       Upon information and belief, that at all the times hereinafter mentioned, Yuanda is a foreign corporation formed and existing under and by virtue of the laws of the State of Illinois which is authorized to do business in New York and maintains a place of business located at 36 W. Randolph Street, Suite 600, Chicago, IL 60601.

**FACTS COMMON TO ALL CAUSES OF ACTION**

3.       On or about October 7, 2013, Whitestone entered into a contract with F.J. Sciame Construction Co., Inc. ("Sciame") whereby Whitestone agreed to provide Sciame with labor, material, and services required to install exterior wall systems for a project known as "New York City College of Technology – New Academic Building" located at 285 Jay Street, Brooklyn, New

{00011401 - 4}                                    - 1 -

WCC 011969

York 11201 (the "Prime Contract"), owned by the City University Construction Fund (the "Project").

4.      On or about October 24, 2013, in furtherance of Whitestone's contract with Sciame and in order to complete contractually required work on the Project, Whitestone entered into a subcontract with Yuanda ("Contract," a copy of which is annexed hereto as Exhibit "A") whereby Yuanda agreed to provide Whitestone with "all curtain wall system design, engineering, structural calculations, shop drawings, product data & sample submittals . . . materials, fabrication, transportation, . . . installation and testing, as required to furnish and deliver all curtain wall system materials" (the "Work"). Contract, Ex. "A" at p. 1.

5.      Pursuant to the Contract, in exchange for completion of the Work, Yuanda was to be compensated the lump sum amount of Five Million Nine Hundred Eleven Thousand Five Hundred Nine and 27/100 ($5,911,509.27) Dollars. *Id.*

6.      In late 2014 and early 2015, Whitestone and Yuanda were working to prepare all drawings and materials needed to complete the construction and installation of the Project's WT-3 Clerestory system.

7.      On or about February 23, 2015, Yuanda's second submission of shop drawings were approved by Sciame for installation.

8.      Thereafter, Whitestone completed installation of the WT-3 Clerestory system in or about December, 2016 in accordance with the Yuanda approved shop drawings.

9.      In or about January, 2017, Sciame and the Project's architect, Perkins Eastman ("Perkins"), issued Request For Information # 1130 ("RFI 1130") upon discovering severe discrepancies in the Project structure's projected movement, which they asserted dramatically altered the WT-3 Clerestory system's plan-specified deflection criteria, despite the fact that the

WCC 011970

structure had already been constructed.

10.     Thereafter, Sciame rejected Whitestone and Yuanda's WT-3 Clerestory system Work as non-conforming and demanded that same be remediated to comply with the deflection criteria mandated by RFI 1130.

11.     On or about November 27, 2018, Whitestone submitted its proposed change order #098 ("PCO #098") to Sciame seeking to secure its entitlement to additional compensation as a result of what it asserted was the additional work required by RFI 1130.

12.     On or about May 3, 2019, Sciame rejected PCO #098.

13.     Immediately thereafter, in or about May, 2019, Whitestone submitted to Sciame, as required by the terms of their agreement, a Notice of Dispute and Description of Dispute formally contesting Sciame's rejection of PCO #098.

14.     In response and during the pendency of their dispute, Sciame directed Whitestone to perform the WT-3 Clerestory system remediation Work identified in RFI 1130 and PCO #098 without any further compensation, pursuant to the terms of their agreement.

15.     Whitestone preserved its entitlement to damages through PCO #098 and, pursuant to the Whitestone/Sciame Prime Contract, is compelled to perform the WT-3 Clerestory system remediation Work under protest.

16.     In June, 2019, Whitestone contacted Yuanda, declared Yuanda's WT-3 Clerestory system Work non-conforming due to Sciame's modified specifications, and demanded that Yuanda remediate the non-conforming WT-3 Clerestory system Work, pursuant to its Contract.

17.     Yuanda has refused to comply with Whitestone's written requests and has taken no action to replace and/or remediate its non-conforming WT-3 Clerestory system Work.

18.     Section 10 of the Contract, under the "Inspection & Defective Work" heading,

WCC 011971                    {00011401 - 4}- 3 -

provides, in pertinent part, that:

> Vendor [Yuanda] shall promptly prepare the plan for the approval of the Subcontractor [Whitestone], in order to replace or correct any Vendor's Work which Subcontractor shall reject as failing to conform to the requirements of this Purchase Order and/or Contract Documents whether rejected before or after installation, with exclusion of those specified in item (b) listed below. Upon approval of Vendor's plan by Subcontractor, Vendor shall promptly replace or correct any Vendor's Work.[1]

Contract § 10, Ex. "A" at p. 6.

19.    In the event Yuanda fails to correct or replace its non-conforming Work, the Contract provides that:

> Subcontractor shall have the right to do so and Vendor shall be liable to Subcontractor for the cost thereof. . . . Subcontractor, at Subcontractor's option, may deduct from the payments due, or to become due, to Vendor, such amount as in Subcontractor's reasonable judgment will represent (i) the difference between the fair value of the rejected Vendor's Work and the value thereof if Vendor's Work had complied with this Purchase Order, or (ii) the cost of correction, whichever the Subcontractor determines is more appropriate.

*Id.* As such, Whitestone is entitled to damages from Yuanda due to its failure to remediate and/or replace its non-conforming Work.

20.    Whitestone has performed in accordance with the terms of the Contract and has complied with all obligations contained therein.

---

[1] Pursuant to the Contract, the term "Vendor" shall refer to Yuanda and the term "Subcontractor" shall refer to Whitestone.

WCC 011972

21.     Whitestone continually reached out to Yuanda's representatives requesting that the parties discuss working together to remediate the allegedly non-conforming Work, but Yuanda has refused and/or failed to positively respond to Whitestone's correspondence and affirmatively represent it intends to fulfill its contractual obligations and correct what Sciame asserts is Yuanda's non-conforming work.

22.     Whitestone continues to perform the directed remedial WT-3 Clerestory system Work on the Project, without Yuanda's involvement, and, as a result, Whitestone is entitled to Contract damages representing its cost of correction of no less than $500,000.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

23.     Whitestone repeats and realleges each and every allegation set forth in Paragraphs "1" through "22", inclusive, as if fully set forth herein.

24.     The Contract between Whitestone and Yuanda is a valid and enforceable contract.

25.     At all times, Whitestone fully performed all obligations required to be performed by it under the Contract.

26.     Yuanda materially breached the Contract by failing to replace and/or remediate its non-conforming WT-3 Clerestory system Work.

27.     Pursuant to the Contract, as a result of Yuanda's failure to replace and/or remediate its nonconforming Work, Whitestone is entitled to recover its costs of correcting said Work.

28.     Yuanda has failed to remediate the non-conforming Work as mandated by the Contract, and, as such, has breached the Contract.

29.     By reason of the foregoing, Whitestone has been damaged and demands judgment in the amount of no less than $500,000 plus costs, disbursements, and reasonable attorneys' fees.

WCC 011973

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unjust Enrichment)

30.     Whitestone repeats and realleges each and every allegation set forth in Paragraphs "1" through "29", inclusive, as if fully set forth herein.

31.     From on or about October 24, 2013 through the present, Whitestone has complied with all of its Contract obligations, including, but not limited to, tendering payment to Yuanda pursuant to the terms thereof.

32.     In or about 2016, Whitestone remitted payment to Yuanda for its WT-3 Clerestory system Work.

33.     In or about May, 2019, upon Sciame's rejection of PCO #098 and direction to perform the WT-3 Clerestory system Work without further compensation, Whitestone had no choice but to declare the WT-3 Clerestory system portion of Yuanda's Work non-conforming.

34.     Yuanda has been unjustly enriched by retaining the full benefit of the compensation paid to it for its WT-3 Clerestory system Work, despite same being declared by Sciame to be non-conforming and defective.

35.     As a result of Yuanda's failure and/or refusal to correct its non-conforming Work, Whitestone has been compelled to remediate and/or replace Yuanda's defective Work at Whitestone's sole cost and expense.

36.     It would be inequitable and unconscionable to permit Yuanda to enjoy the benefit of the full amount of compensation identified for the WT-3 Clerestory system Work despite same being declared defective and non-conforming to the Project's plans and specifications by Sciame.

37.     By reason of the foregoing, Whitestone has been damaged and demands judgment in the amount of no less than $500,000 plus costs, disbursements, and reasonable attorneys' fees.

WCC 011974

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

38.     Whitestone repeats and realleges each and every allegation set forth in Paragraphs "1" through "37", inclusive, as if fully set forth herein.

39.     The Contract between Whitestone and Yuanda is a valid and enforceable contract.

40.     To date, Whitestone has fully performed its obligations under the Contract.

41.     Under the Contract, Yuanda has an obligation to adhere to an implied covenant of good faith and fair dealing.

42.     The implied covenant of good faith and fair dealing requires Yuanda not to take any action or refrain from taking action which shall have the effect of destroying or injuring the right of Whitestone to receive the fruits of the Contract and its Prime Contract.

43.     Yuanda's failure and/or refusal to remediate its non-conforming and defective WT-3 Clerestory system Work constitutes a breach by Yuanda of the implied covenant of good faith and fair dealing.

44.     Yuanda's aforementioned breach of the implied covenant of good faith and fair dealing has deprived Whitestone of the fruits of the Contract and the Prime Contract.

45.     By reason of the foregoing, Whitestone has been damaged and demands judgment in the sum of no less than $500,000 plus costs, disbursements, and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff Whitestone Construction Corp. respectfully demands judgment as follows:

1.  On the First, Second, and Third Causes of Action against Defendant, Yuanda USA Corporation, in the amount of no less than $500,000, together with interest thereon, costs, disbursements, and reasonable attorneys' fees; and

2.  For such other and further relief as to this Court may seem just and proper.

WCC 011975

Dated: New York, New York
      December 23, 2019

**GOETZ FITZPATRICK** LLP

By: _____
      Donald J. Carbone
      Christopher M. Rodriguez
*Attorneys for Plaintiff*
*Whitestone Construction Corp.*
One Penn Plaza, 31st Floor
New York, New York 10119
(212) 695-8100

TO:    Yuanda USA Corporation
         36 W. Randolph Street, Suite 600
         Chicago, IL  60601

DRAFT

{00011401 - 4}- 8 -