# EXHIBIT "EE"

Christopher Rodriguez



REDACTED FOR PRIVILEGE

**From:** Steven Grzic <SGrzic@WhitestoneCC.com>
**Sent:** Monday, December 30, 2019 11:16 AM
**To:** Porcelli, Michael (MPorcelli@Sciame.com) <MPorcelli@Sciame.com>
**Subject:** WT-3 Clerestory Remediation - CUNY Meeting Request



Mike,

As we discussed on the phone a couple of weeks ago, I am requesting that Sciame set up a meeting with the management at CUNY regarding the remediation of the WT-3 clerestory.

Currently it is CUNY's position that it is the responsibility of Whitestone Construction to remedy the NCR pertaining to the WT-3 movement. As a result, Whitestone had no choice but to pass on that responsibility on to Yuanda, as they were the designer of the system, despite the fact that both Whitestone and Yuanda both entirely disagree with the AOR/EOR's completely self-serving distortion of the history and the facts and CUNY's assessment of responsibility for this mistake.

If the current position held by CUNY stays the same, it is a foregone conclusion that this matter will have to be settled in court. As you already know, the legal process has already started. Since Whitestone has no choice, we had to commence legal actions against Yuanda. As a result, Yuanda has rescinded its willingness to make any changes at all to its already designed, approved and installed system. Both Yuanda and the installer have stated that if any changes are now made to the system already installed, all warranties and guarantees will be made null and void.

As Whitestone completely agrees with Yuanda on the merits of the argument that CUNY's consultants made the mistake and should be responsible to pay any costs of remediating the NCR on WT-3, Whitestone understands the contractual obligation for Whitestone to remedy the issue, notwithstanding its pending dispute over who is responsible for this mistake. However, Yuanda does not see it that way and hence their complete refusal to approve any changes to their WT-3 system.

I am asking you to set up a meeting with CUNY in person so as to give an opportunity to Whitestone and Yuanda to present its case and explain why the responsibility of this mistake lies with CUNY's consultants. Whitestone does not

1

WCC 001120

have any intention of abandoning this remediation should CUNY not change its mind, however it would be in the best interest of all parties (CUNY, Sciame, Whitestone and Yuanda) to try and talk this out in person. It would be a complete waste of resources, money, time and blood for all if this issue requires years to get resolved via lawsuit and then for CUNY, at the end of the process in a period of self-reflection, to say, "maybe Yuanda was right the whole time".

Like I mentioned above, even if CUNY does not change its mind at this point as to the responsibility, Whitestone does not have any intention of walking away and leaving the remediation to others. However, if CUNY truly wants to get this issue resolved and physically complete this entire project as soon as possible, as they have been claiming they want this job done, it would be in CUNY's best interest to at least hear us out. If Yuanda does not cooperate, it will only prolong the entire process and drag out the completion even further as Whitestone would now have to completely re-evaluate the means and methods of the repair work, engage another engineer, look for another installer to do the work, consult with legal counsel for any other concerns, plus many more obstacles we now have to overcome. All this will wind up taking additional time. I truly think it would be worth it to make one last attempt to convince CUNY where the blame truly belongs and streamline the actual repair work, rather than ignore this request and guarantee this process will drag out due to Yuanda's withdrawal of its cooperation.

This communication shall not be considered a waiver of any of Whitestone's legal, equitable, or contractual rights, all and each of which are hereby expressly reserved.

Thank You

Steven

2

WCC 001121